In the Matter of a Letter from Michael QUIGLEY, Petitioner.

No. 89–61.

United States Court of Veterans Appeals.

Submitted Dec. 4, 1989.

Decided Dec. 19, 1989.

Filed Jan. 22, 1990.

Dr. Michael Quigley, pro se.

No appearance was entered on behalf of the Secretary of Veterans Affairs.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

NEBEKER, Chief Judge:

Michael Quigley, a veteran receiving benefits from the Department of Veterans Affairs, asserted in a letter to the Court that his fee-basis card—a document entitling him to specific medical benefits—was about to be revoked. Quigley attached to his letter a copy of a letter from the Chief of the Medical Administration Service which advised that the fee-basis card was to be revoked and that Quigley had a right to appeal the revocation decision within the medical center to the Director. Quigley sought from this Court an emergency hearing and an injunction preventing the revocation and preserving his fee-basis card rights. Quigley misaddressed the letter and it was not received by the Court until after the revocation occurred.

Although Quigley's letter does not contain a jurisdictional statement, the Court liberally construed the *pro se* allegations and prayer for relief as effectively asserting that this Court has jurisdiction of this matter either under the All Writs Act, 28 U.S.C. § 1651 (1982), or as an appeal under 38 U.S.C.A. §§ 4052, 4066 (West Supp.1989). However, regardless of the jurisdictional predicate, the prayer for relief was premature.

The Court, having been "established by Act of Congress," has jurisdiction to act "in aid of [its] . . . jurisdiction[ ]" pursuant to the All Writs Act, 28 U.S.C. § 1651 (1982). "The exercise of this power . . . extends to the potential jurisdiction of the appellate court where an appeal is not then pending but may be later perfected." *Federal Trade Comm'n v. Dean Foods Co.*, 384 U.S. 597, 603, 86 S.Ct. 1738, 1742, 16 L.Ed.2d 802 (1966). However, the Court need not reach the question whether the All Writs Act remedy should be granted in this case because it is apparent from Quigley's submission that he had failed to exhaust the administrative remedies available

to him, including seeking review by the Board of Veterans' Appeals (BVA). Of course, the Court would have appellate jurisdiction to review a BVA decision declining jurisdiction, but that likewise was not before us.

Accordingly, the following order was entered on December 19, 1989:

United States Court of Veterans Appeals

No. 89-61

In the Matter of a Letter from:

Michael Quigley, Appellant.

ORDER

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

PER CURIAM.

On December 4, 1989, the Court received a letter dated November 15, 1989, wherein petitioner asks the Court for an emergency hearing and to enjoin the DVA from revoking petitioner's fee-basis card and it appearing from a letter petitioner enclosed from the Dallas, Texas Medical Center Chief, Fred W. Bell, Jr., dated November 15, 1989, that the card was revoked effective December 1, 1989, and that petitioner could appeal said revocation to the Medical Center Director, it is

ORDERED (1) that if petitioner's letter is treated as a request for extraordinary relief under 28 U.S.C. § 1651, petitioner has failed to exhaust his administrative remedies, and thus such relief would be inappropriate; and

(2) to the extent petitioner may be deemed to seek invocation of the Court's appellate jurisdiction, said appeal is dismissed for want of an appealable order. See 38 U.S.C. §§ 4052 and 4066 (1989); and

(3) petitioner's request for an emergency hearing and an injunction is denied.