**James L. BULLOCK, Petitioner,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Respondent.**

No. 94–429.

United States Court of Veterans Appeals.

Aug. 5, 1994.

Before NEBEKER, Chief Judge, and FARLEY and MANKIN, Judges.

**ORDER**

PER CURIAM.

On June 6, 1994, petitioner filed a petition for extraordinary relief in the nature of mandamus. He alleges that his claims have been pending before the VA for fifteen years. On July 11, 1994, the Secretary filed a response in opposition to the petition on the ground that petitioner has not exhausted all available administrative remedies. In his response, the Secretary states that petitioner has filed numerous original and reopened claims with the VA. He further states that the VA has consistently developed and adjudicated these claims in an orderly and reasonable manner. He also states that petitioner has filed an appeal to the Board of Veterans' Appeals and has expressed a desire for a personal hearing. Appended to the Secretary's response is a preliminary record in support of his response.

This Court has jurisdiction under the All Writs Act, 28 U.S.C. § 1651, to consider petitions in aid of its potential or prospective jurisdiction. *See Erspamer v. Derwinski*, 1 Vet.App. 3 (1990); *In re Quigley*, 1 Vet.App. 1 (1989). Indeed, the matter of the Court's jurisdiction to issue extraordinary writs to VA officials was thoroughly explored in *Erspamer*, and the Court has acted on numerous petitions since that opinion issued. The Supreme Court has settled the question of whether Article I courts are empowered to exercise jurisdiction under the All Writs Act. *See Noyd v. Bond*, 395 U.S. 683, 695 n. 7, 89 S.Ct. 1876, 1883 n. 7, 23 L.Ed.2d 631 (1969); *see also Erspamer*, 1 Vet.App. at 6 (and cases cited therein). *But cf. Brady v. Derwinski*, No. 92–7012, slip op. at 2–3, 1992 WL 162544 (Fed.Cir. July 15, 1992) (unpublished decision stating in obiter dicta that it is not clear that the All Writs Act applies to this Court, which is a tribunal under Article I rather than under Article III of the Constitution of the United States).

Given the authority to entertain requests for All Writs relief, we now determine whether the relief requested by petitioner in the instant case is warranted. We find it is not. The mere passage of time in reviewing a matter does not necessarily constitute the extraordinary circumstances requiring this Court to invoke its mandamus power. The delay involved, although frustrating to petitioner, must be unreasonable before a court will inject itself into an administrative agency's adjudicative process. *See Erspamer*, 1

Vet.App. at 9–10 (quoting *Air Line Pilots Ass'n, Int'l v. CAB,* 750 F.2d 81, 85 (D.C.Cir. 1984)). Based upon the petition and the response, it appears that administrative remedies may secure the relief ultimately sought. Upon consideration of the foregoing, it is

ORDERED that the petition for extraordinary relief is denied.