Gary L. HERRMANN, Petitioner,

v.

Jesse BROWN, Secretary of Veterans Affairs, Respondent.

No. 95–97.

United States Court of Veterans Appeals.

July 10, 1995.

Ronald L. Smith was on the pleadings, for petitioner.

Mary Lou Keener, Gen. Counsel; Norman G. Cooper, Asst. Gen. Counsel; R. Randall Campbell, Deputy Asst. Gen. Counsel; and Mary Ann Flynn, Washington, DC, were on the pleadings, for respondent.

Before KRAMER, IVERS, and STEINBERG, Judges.

IVERS, Judge, filed the opinion of the Court.

KRAMER, Judge, filed a concurring opinion.

IVERS, Judge:

Gary L. Herrmann, through counsel, filed a petition for a writ of mandamus alleging that the Board of Veterans' Appeals (BVA or Board), in its January 4, 1995, decision, exceeded its jurisdiction and violated the terms of an order granting a joint motion for remand when it remanded the petitioner's claim for entitlement to an increased rating for a low back disability (currently rated as 10% disabling) to a VA Regional Office (RO) for further development and readjudication. The petitioner requests that the Court vacate the January 4, 1995, decision of the BVA, and order the BVA to comply with the terms of the joint motion for remand. For the reasons set forth below, the Court will deny the appellant's petition for a writ of mandamus.

## I. FACTS

In November 1993, the petitioner appealed a September 1993 BVA decision which (1) denied service connection for defective hearing, tinnitus, and sinusitis; (2) denied an increased rating for a right ankle joint disability with arthritis evaluated as 10% disabling; (3) denied a separate 10% evaluation for a right ankle scar; and (4) denied an increased evaluation for a low back disability evaluated as 10% disabling. In May 1994, the parties filed a joint motion for remand. In that motion, the parties moved (1) to affirm the BVA's denial of the claims regarding defective hearing, tinnitus, and sinusitis, and entitlement to an increased rating for a right ankle joint disability with arthritis; (2) to reverse the denial of a separate 10% rating for a service-connected right ankle scar; and (3) to vacate the denial of an increased rating for a service-connected back disability and remand that matter to the Board.

In a single-judge order dated July 18, 1994, this Court (1) denied the motion to affirm the issues regarding defective hearing, tinnitus, and sinusitis as moot; (2) deemed the motion for reversal regarding the issue of an evaluation for a right ankle scar as one for dismissal and granted the motion; and (3) vacated the Board decision in part and remanded the matter of an increased rating for a back disability, for compliance with the terms of the joint motion for remand, which the Court incorporated in the order by reference.

In January 1995, the BVA remanded the case to the RO for an orthopedic examination, stating that the "purpose of the remand is to procure clarifying data and to comply with governing adjudicative procedures." Gary L. Herrmann, BVA ___, at 4 (Jan. 4, 1995). On January 30, 1995, the petitioner, through counsel, filed a petition for a writ of mandamus and an unopposed motion for expedited proceedings. The petitioner argues that the BVA exceeded its jurisdiction and violated the terms of the joint motion for remand, when it remanded his claim to the RO for further development and readjudication. The petitioner argues that the sole issue before the BVA was whether he was entitled to a 40% rating under 38 C.F.R. § 4.71(a), Diagnostic Code (DC) 5295 (1994), and that that issue required no further development. The petitioner contends that he is suffering irreparable harm as a result of the remand. On February 3, 1995, the Court ordered the Secretary to respond to the petition within twenty days. On February 13, 1995, the petitioner filed a substitute petition.

On February 23, 1995, the Secretary responded to the petition arguing that this Court remanded the matter to the Board for a new adjudication with an instruction to the BVA to consider a 40% rating. The Secretary contends that in order to comply with this Court's directive and fully evaluate the petitioner's eligibility, additional development was required pursuant to 38 C.F.R. § 19.9 (1994), and this Court's precedent in *Colvin v. Derwinski*, 1 Vet.App. 171, 175 (1991), and that the BVA has not refused to decide whether he is entitled to a 40% rating under DC 5295.

## II. ANALYSIS

This Court has previously determined that it is within our jurisdiction to issue extraordi-

nary writs under the All Writs Act, 28 U.S.C. § 1651. *Bullock v. Brown*, 7 Vet.App. 69 (1994) (per curiam order) (citing to *Noyd v. Bond*, 395 U.S. 683, 695 n. 7, 89 S.Ct. 1876, 1883 n. 7, 23 L.Ed.2d 631 (1969)); *Erspamer v. Derwinski*, 1 Vet.App. 3, 7–8 (1990). However, the Court recognized that the circumstances justifying the issuance of a writ "must be compelling." *Erspamer, supra; see Mokal v. Derwinski*, 1 Vet.App. 12 (1990) (Court would not preempt BVA and hear merits of claim because petitioner had not exhausted administrative remedies). Justice Kennedy, when he was a Circuit Judge on the United States Court of Appeals for the Ninth Circuit, stated:

> The preemptory writ of mandamus has traditionally been used in federal courts to review nonfinal district court orders and is used only in exceptional circumstances. Use of the All Writs Act in connection with agency matters has been even more rare and the scope of relief granted in these cases has been narrow. The circumstances that will justify our interference with nonfinal agency action must be truly extraordinary, for this court's supervisory province as to agencies is not as direct as our supervisory authority over trial courts.

*Public Utility commissioner of Oregon v. Bonneville Power Admin.*, 767 F.2d 622, 630 (9th Cir.1985) (citations omitted).

 The Supreme Court has stated that the "remedy of a mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). This Court in *Erspamer* outlined the Supreme Court's two-prong test for granting mandamus: (1) the petitioner is clearly entitled to the writ; and (2) the petitioner lacks adequate alternative means to obtain the relief. The petitioner has the burden of showing that his entitlement to the writ is "clear and indisputable." *Erspamer*, 1 Vet.App. at 9 (quoting *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953) (quoting *United States v. Duell*, 172 U.S. 576, 582, 19 S.Ct. 286, 287, 43 L.Ed. 559 (1899))).

 This Court must decide whether this petitioner has satisfied the test: (1) whether his entitlement to the writ is clear and indisputable, and (2) whether he lacks an alternative means to obtain the relief sought. It is not "clear and indisputable" from either the facts of the case or the joint motion for remand, as incorporated in the Court's remand order, that the BVA is precluded from exercising jurisdiction over the matter and remanding it to the agency of original jurisdiction for further development. Pursuant to 38 U.S.C. § 7261, this Court is authorized to compel action of the Secretary which is "unlawfully withheld or unreasonably delayed." *See Wick v. Brown*, 40 F.3d 367, 371 (Fed. Cir.1994). "If the medical evidence of record is insufficient, or, in the opinion of the BVA, of doubtful weight or credibility, the BVA is always free to supplement the record by seeking an advisory opinion, ordering a medical examination or [quoting] recognized medical treatises in its decisions that clearly support its ultimate conclusions." *Colvin*, 1 Vet. App. at 175 (as modified by *Hatlestad v. Derwinski*, 3 Vet.App. 213, 217 (1992)); *but see* 38 C.F.R. § 19.9 ("when, during the course of review, it is determined that further evidence or clarification of the evidence ... is essential for a proper appellate decision, a section of the Board shall remand the case to the [RO] specifying the action to be undertaken"); *Austin v. Brown*, 6 Vet.App. 547, 552 (1994) ("basic fair play requires that evidence be procured by the agency in an impartial, unbiased, and neutral manner."). The Secretary has acted on the remand in a timely manner and, pursuant to this Court's precedent, ordered an orthopedic examination.

The specific language of the joint motion for remand stated: (1) "The parties agree that the Board's decision denying an increased rating for [petitioner's] lumbosacral strain must be vacated and remanded for a new adjudication;" and (2) the parties agreed and conceded pursuant to this Court's precedent that "The Board was required to consider all of the evidence of record in determining the correct disability rating for Mr. Herrmann's service-connected back condition and that this Court has made clear that a claim for an increased rating is a new claim. *Proscelle v. Derwinski*, 2 Vet.App. 629, 631

(1992)." Joint Mot. for Remand at 2, 4. In reviewing the case subsequent to the remand, the BVA noted that "several diagnoses have been provided by various examiners" and stated:

> These findings and diagnoses evoke criteria beyond that identified in Diagnostic Code 5295, such as those listed in 38 C.F.R. § 4.71a (Diagnostic Code 5293) (1993). In order to consider all disabling manifestations of the service-connected back disorder and to fully comply with the Court's July 1994 order, this case is REMANDED for....

Herrmann, BVA ___, at 3.

■ If a party seeks to limit the Board's discretion on remand, that party must propose such a limitation in clear and unequivocal language. Here, the joint motion concluded with this sentence:

> Further, the Court should vacate the Board's decision with respect to the denial of an increased rating for Appellant's service-connected back disability and remand with instructions for the Board to consider whether Mr. Herrmann is entitled to a 40% rating.

Joint Mot. at 5–6. Any implication (which would not constitute the requisite clear and unequivocal language) possibly existing in the joint motion up to this point, that the adjudication should be based on the existing · record, was removed by the last sentence. Hence, the Court's incorporation of the joint motion in the remand order imposed no such limitation on the Board and, indeed, implicitly authorized the development action taken. The BVA thus acted within its jurisdiction and provided the necessary adequate statement of reasons or bases for the remand, as required by 38 U.S.C. § 7104(d)(1). *See Colvin, supra.* The Court implies no view as to whether the Secretary could lawfully agree not to carry out a regulatory duty under 38 C.F.R. § 19.9 to remand to an RO when "further evidence ... is essential for a proper appellate decision" and then ask the Court to sanction such an agreement. *See Austin,* 6 Vet.App. at 552 (citing *Vitarelli v. Seaton,* 359 U.S. 535, 538, 79 S.Ct. 968, 971–72, 3 L.Ed.2d 1012 (1959), and *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 267–68, 74 S.Ct. 499, 503–04, 98 L.Ed. 681 (1954), for the proposition that the Secretary must follow his own regulations and procedures).

■ This Court has consistently held that "[a] remand is meant to entail a critical examination of the justification for the decision." *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). It is inherent in all matters that are remanded to the BVA that a remand is not "merely for the purposes of rewriting the opinion so that it will superficially comply with the 'reasons or bases' requirement" of 38 U.S.C. § 7104(d)(1) "and that, generally, on remand, the BVA is expected to reexamine the evidence of record, [and] seek any other evidence the Board feels is necessary...." *Id.*

■ In addition, the petitioner did not file a motion for reconsideration of the BVA decision on remand, and thus has not exhausted the administrative remedies available to him prior to filing his petition for a writ of mandamus. *See* 38 U.S.C. § 7103; *Brady v. Brown,* 4 Vet.App. 203, 207 (1993); *Mokal,* 1 Vet.App. at 15 (Court would not preempt BVA and hear merits of claim where petitioner did not exhaust administrative remedies); *Matter of Quigley,* 1 Vet. App. 1, 2 (1990) (veteran failed to exhaust administrative remedies available which included review by BVA).

Therefore, the Court cannot grant the petition because the BVA has merely complied with its statutory duty to the petitioner, this Court's precedent, and the joint motion for remand that was incorporated in the Court's remand order.

### III. CONCLUSION

For the reasons stated above, the petition for a writ of mandamus is DENIED.

KRAMER, Judge, concurring: A comparison of the terms of the Court's remand order with a subsequent BVA remand decision directing additional development can result in only three possibilities: (1) the BVA conduct in question is clearly within the scope of the Court's remand order; (2) the conduct in question is not specifically included in the remand order, but is not precluded by the

remand order; or (3) the conduct in question is clearly outside the scope of the remand order. Here, the Court's remand order included permission for the petitioner to "submit additional evidence and argument," *Gary L. Herrmann*, No. 93–1158, slip op. at 2, 1994 WL 387231 (U.S.Vet.App. July 18, 1994) (order), thereby clearly contemplating the possibility of additional development of the record. Furthermore, the remand order in no way limited the developmental discretion that the BVA is authorized to exercise pursuant to regulation and the Court's case law. *See* 38 C.F.R. § 19.9 (1994) (BVA shall remand case to the regional office if it determines that further development is needed); *Colvin v. Derwinski*, 1 Vet.App. 171, 175 (1991) (BVA is free to supplement the record with medical examination or advisory opinion if medical evidence of record is insufficient). Thus, I would conclude that the development ordered by the BVA is, at a minimum, a category (2) matter clearly authorized by law.