**Jack E. CHANDLER, Petitioner,**

v.

**Jesse BROWN, Secretary Of Veterans Affairs, Respondent.**

**No. 96–1171.**

United States Court of Veterans Appeals.

April 1, 1997.

Richard Paul Cohen, Fairmont, W.Va., for Petitioner.

Mary Lou Kenner, General Counsel, Ron Garvin, Asst. General Counsel, R. Randall Campbell, Deputy, Asst. General Counsel, for Respondent.

Before KRAMER, FARLEY, and IVERS, Judges.

## ORDER

PER CURIAM.

In May 1994 this Court granted the parties' joint motion for remand of the March 25, 1993, Board of Veterans' Appeals (BVA) decision, vacated the decision, and remanded the matter for compliance with the motion for remand. From June 1994 to September 1996 VA requested records from various sources outside of its control. On September 13, 1996, the veteran filed a petition for extraordinary relief in the nature of mandamus contending that VA had taken more than two and a half years after remand to formulate a decision which still had not been rendered. On October 21, 1996, the Secretary filed his answer to the veteran's petition, asserting that the two-and-a-half-year delay in adjudicating the veteran's claim was not unreasonable and was beyond the control of the BVA or regional office (RO). On November 12, 1996, the Court ordered the parties to submit memoranda addressing the options available to the Court and to the parties in resolving the issue raised in the petition. In December 1996 the Secretary and the veteran submitted their memoranda. Attached to the Secretary's memorandum was a Supplemental Statement of the Case (SSOC) which recounted that the veteran's claims had been readjudicated and denied.

Section 302 of the Veterans' Benefits Improvements Act of 1994 (VBIA) requires the Secretary of Veterans Affairs to take any necessary action to provide for the expeditious treatment, by the BVA and the ROs, of any claim that has been remanded by the BVA or by this Court for additional development or other appropriate action. Pub.L. 103–446 § 302, 108 Stat. 4645, 4658 (1994). The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This Court has jurisdiction under the All Writs Act. *Herrmann v. Brown*, 8 Vet.App. 60 (1995); *Bullock v.*

*Brown,* 7 Vet.App. 69 (1994); *Nagler v. Derwinski,* 1 Vet.App. 297 (1991); *Mokal v. Derwinski,* 1 Vet.App. 12 (1990); *Erspamer v. Derwinski,* 1 Vet.App. 3 (1990). However, "circumstances that would justify the issuance of such a writ must be compelling." *Erspamer,* 1 Vet.App. at 7. As Judge, now Justice, Kennedy observed in *Public Utility Commissioner of Oregon v. Bonneville Power Administration,*

> Use of the All Writs Act in connection with agency matters has been even more rare and the scope of relief granted in these cases has been narrow. The circumstances that will justify our interference with nonfinal agency action must be truly extraordinary, for this court's supervisory province as to agencies is not as direct as our supervisory authority over the trial courts.

767 F.2d 622, 630 (9th Cir.1985); *see also Herrmann,* 8 Vet.App. at 62; *Nagler,* 1 Vet.App. at 302–03; *Erspamer,* 1 Vet.App. at 7–8. "The exercise of this [All Writs Act] power ... extends to the potential jurisdiction of the appellate court where an appeal is not then pending but may be later perfected." *FTC v. Dean Foods Co.,* 384 U.S. 597, 603–04, 86 S.Ct. 1738, 1742, 16 L.Ed.2d 802 (1966) (quoting *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 25, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943)); *see also Erspamer,* 1 Vet.App. at 8.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). Before the Court can issue a writ of mandamus the petitioner must show that: (1) he is clearly entitled to the writ; and (2) he lacks adequate alternative means to obtain the relief he seeks. *Herrmann, Nagler,* and *Erspamer,* all *supra.* The petitioner must show that his right to issuance of the writ is "clear and indisputable." *Erspamer,* 1 Vet.App. at 9 (quoting *Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 148–49, 98 L.Ed. 106 (1953) (quoting *United States v. Duell,* 172 U.S. 576, 582, 19 S.Ct. 286, 287–88, 43 L.Ed. 559 (1899))). "While there is no absolute definition of what is reasonable time, we know that it may encompass 'months, occasionally a year or two, but not several years or a decade.' " *Erspamer,* 1 Vet.App. at 10; *cf., Steffens v. Brown,* 8 Vet.App. 142, 144 (1995) (VA's delay in the vast majority of cases, in which nearly two years elapses between the Notice of Disagreement and the BVA hearing, while frustrating, is not so extraordinary as to justify the Court's exercise of its All Writs power); *In re Monroe Communications Corp.,* 840 F.2d 942 (D.C.Cir.1988) (five-year delay in agency action not so great as to be subject to mandamus).

The Secretary argues that the controversy surrounding the petition is moot because the SSOC was issued. In *Mokal,* the Court held that it no longer had jurisdiction when the delayed SSOC was issued and it therefore dismissed the petition for mootness. *Mokal,* 1 Vet.App. at 15; *see also Thomas v. Brown,* 9 Vet.App. 269, 270 (1996) (per curiam order) (dismissing cases as moot because the relief sought, the issuance of SOCs, had been accomplished without the need for action by the Court); *Bond v. Derwinski,* 2 Vet.App. 376, 377 (1992) ("[w]hen there is no case or controversy, or when a once live case or controversy becomes moot, the Court lacks jurisdiction"). Thus, to the extent that the petitioner's petition is predicated on the RO's failure to readjudicate the petitioner's claims, the petition is moot.

The petitioner's counsel argues that the Secretary should be required to resolve veterans' claims within six months of a Court-ordered remand. The petitioner requests, however, that the Court decide his claim, or in the alternative, that the Court direct VA to decide the claim within 30 days and that the Court grant interim benefits and retain jurisdiction until VA complies with its order.

Fully developing a veteran's case so that his claims can be adequately adjudicated may take time if VA must obtain records beyond its control. In *Bullock* and *Erspamer,* this Court indicated its reluctance to interfere in VA's adjudication process. *Bullock* and *Erspamer,* both *supra.* The Court is sympathetic to the veteran's frustration regarding the two-and-a-half (now almost three) year

delay, but delay must be unreasonable before a Court will interfere with an administrative agency's adjudication process. *See Bullock* and *Erspamer*, both *supra*. It is inherent in all matters that are remanded to the BVA that a remand is not "merely for the purposes of rewriting the opinion so that it will superficially comply with the 'reasons or bases' requirement" of 38 U.S.C. § 7104(d)(1) "and that, generally, on remand, the BVA is expected to reexamine the evidence of record, [and] seek any other evidence the Board feels is necessary...." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991).

Finally, the petitioner asserts that the records the RO requested from various hospitals pursuant to the BVA remand were not actually obtained but rather, the hospitals sent the wrong records, which constituted, according to the Statement of the Case, the basis for the RO's denial. That denial, however, is presently before the BVA and therefore, the petitioner has not exhausted administrative remedies available to him. *See Mokal*, 1 Vet.App. at 15. In view of the delay already experienced in this case, the Court notes that the statutory duty to expedite remanded matters applies to the BVA as well as to agencies of original jurisdiction.

On consideration of the foregoing, it is

ORDERED that the veteran's petition for extraordinary relief in the form of mandamus is DENIED.