**Oswald BUTLER, Petitioner,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent.**

No. 98–595.

United States Court of Veterans Appeals.

Oct. 30, 1998.

Before KRAMER, HOLDAWAY, and GREENE, Judges.

## ORDER

PER CURIAM:

On April 1, 1998, the petitioner filed a request for extraordinary relief in the nature of mandamus, alleging that he has been denied the right to apply for VA benefits since 1959. The Secretary responded to the petition, asserting that the nature of the petitioner's discharge from service, pursuant to 38 C.F.R. § 3.12 (1997), is a complete bar to the receipt of VA benefits. An exhibit appended

to the Secretary's response reveals that the petitioner, in February 1998, sought VA benefits and that, in response, he was notified by a VA regional office (RO) that the nature of his discharge was a bar to VA benefits and that no further action would be taken on his claim.

On July 10, 1998, the Court directed the Secretary to show cause as to why the petitioner was not entitled to an adjudication of his claim rather than a notification that no further action would be taken. In response to the Court's order, the Secretary, inter alia, asserted that the petitioner has not submitted evidence that would warrant an adjudication of his claim and that he has been advised by the RO to submit such evidence. According to a letter attached to the Secretary's response, the RO, in July 1998, informed the petitioner that, in order to have his claim processed, he must submit evidence showing that the character of his discharge from service has been upgraded by the Department of the Army. The appropriate forms for obtaining reconsideration of the character of his discharge were apparently provided to the petitioner at that time. The letter from the RO further informed the petitioner that the evidence "should be furnished within 60 days from the date of this letter. In any case, it must be received in the VA within one year from the date of this letter. Otherwise, benefits, if entitlement is established, may not be paid for any period prior to the date of its receipt."

■ This Court has authority to issue extraordinary writs in aid of its jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See Cox v. West*, 149 F.3d 1360 (Fed.Cir.1998). However, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Before a court may issue a writ, a petitioner must demonstrate: (1) a clear and indisputable right to the writ and (2) lack of adequate alternative means to obtain the relief sought. *See Erspamer v. Derwinski*, 1 Vet.App. 3, 9 (1990).

■ In the present case, it appears that the RO has construed the petitioner's recent attempts to obtain an adjudication as the submission of an incomplete claim and has accordingly requested the petitioner to submit information necessary to complete his application. *See* 38 C.F.R. § 3.109(a) (1997) ("If a claimant's application is incomplete, the claimant will be notified of the evidence necessary to complete the application. If the evidence is not received within 1 year from the date of such notification, ... compensation ... may not be paid by reason of that application."). In any event, the RO has properly acted in accordance with that regulation. Because the petitioner therefore has not demonstrated that he lacks alternative means to obtain the relief he seeks, the writ must be denied. *See Bullock v. Brown*, 7 Vet.App. 69, 70 (1994) (denying writ because it appeared that petitioner might secure relief sought through administrative remedies).

Upon consideration of the foregoing, it is

ORDERED that the petition for a writ of mandamus is DENIED.

KRAMER, Judge, concurring:

In response to the Court's July 10, 1998, order, the Secretary, citing *Laruan v. West*, 11 Vet.App. 80 (1998) (en banc), also stated that, in order to be entitled to an adjudication, the petitioner must first submit evidence "that proves that his character of discharge would render him eligible for VA benefits." Secretary's Response at 1. *Laruan* is inapplicable here because it applies only when veteran status is at issue. Although the petitioner is barred, under 38 U.S.C. § 5303(a), from the receipt of VA benefits because he was an officer who resigned for the good of the service, his DD Form 214 demonstrates that his discharge was, nevertheless, "under honorable conditions." Pursuant to 38 C.F.R. § 3.12(a) (1997), that characterization of the petitioner's discharge is binding on VA. As a consequence, pursuant to 38 U.S.C. § 101(2), the petitioner has status as a veteran. *See* 38 U.S.C. § 101(2) ("The term 'veteran' means a person who served in the active military, naval, or air service, and who was discharged

or released therefrom under conditions other than dishonorable.").