KRAMER, Chief Judge,
concurring:
I concur in the dismissal for lack of jurisdiction of the instant appeal but write separately to express my view that, under the present posture of this matter, the appellant could not obtain relief even if the Court were to construe his pleadings as a petition for writ of mandamus. See Cox v. West, 149 F.3d 1360, 1363 (Fed.Cir.1998) (Court has authority to issue extraordinary writs in aid of its jurisdiction pursuant to All Writs Act (AWA), 28 U.S.C. § 1651(a)). Although the Court might entertain such a petition in an appropriate case, it does not appear that this appellant has satisfied both prongs necessary for the issuance of a writ of mandamus. See Kerr v. United States Dist. Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) (“The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations.”); Erspamer v. Derwinski, 1 Vet.App. 3, 9 (1990) (before court may issue writ, petitioner must demonstrate (1) clear and indisputable right to writ and (2) lack of adequate alternative means to obtain relief sought); see also Herrmann v. Brown, 8 Vet.App. 60, 62 (1995) (applying Kerr “two-prong test”). First, there does not appear to be a clear and indisputable right to a writ with regard to any issues that the appellant may have with the August 2001 remand by the Board of Veterans’ Appeals (Board) because any such issues appear to have been rendered moot by the Board’s August 2003 remand for readjudication. Further, it does not appear that administrative remedies were exhausted because there is no evidence that the appellant sought redress from’ the Board as to its August 2001 remand prior *480 to filing a Notice of Appeal with the Court. See Steffens v. Brown, 8 Vet.App. 142, 144 (1995) (per curiam order) (Court will not exercise its AWA power where exhaustion of petitioner’s administrative remedies may secure relief sought).