NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7141

SHELIA WINSETT,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Sheila Winsett, of Parrish, Alabama, pro se.

Devin A. Wolak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director. Of counsel on the brief was David J. Barrans, Deputy Assistant, Office of the General Counsel, Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Ronald M. Holdaway

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7141

SHELIA WINSETT,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 08-0465, Judge Ronald M. Holdaway.

_____

DECIDED: December 10, 2008
_____

Before SCHALL, GAJARSA and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Shelia Winsett seeks review of the United States Court of Appeals for Veterans Claims' (hereinafter "CAVC") order which dismissed her appeal for lack of jurisdiction. <u>Winsett v. Peake</u>, No. 08-210, 2008 WL 1902504, at *1 (Vet. App. Apr. 22, 2008). Because we lack jurisdiction to review Ms. Winsett's appeal, we <u>dismiss</u>.

Ms. Winsett appeals the CAVC failure to address the decision by the Board of Veterans' Appeals (hereinafter "Board") not to remove the field examiner's report from

Ms. Winsett's claims folder.[1]  Appellant's Br. 1.  The government contends that this court lacks jurisdiction over this appeal because Ms. Winsett "does not raise any constitutional issue, any issue concerning a decision of the Veterans Court on a rule of law, or any issue concerning the validity or interpretation of a statute or regulation relied upon by the CAVC in dismissing her appeal."  Appellee's Br. 7-8.  We agree that this court lacks jurisdiction over the appeal.

This court must first determine whether or not it has jurisdiction over an appeal. C.R. Bard, Inc. v. Schwartz, 716 F.2d 874, 877 (Fed. Cir. 1983).  Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals of CAVC decisions.  Except to the extent that an appeal presents a constitutional issue, we may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2); Flores v. Nicholson, 476 F.3d 1379, 1381 (Fed. Cir. 2007).

The CAVC dismissed Ms. Winsett's appeal for lack of jurisdiction because no final decision had been entered by the Board.  Winsett, 2008 WL 1902504, at *1; In re Quigley, 1 Vet. App. 1 (1990) (holding that a claimant may not obtain review of the Board's decision by the CAVC until that decision is final). In order to reverse the

---

[1]  Ms. Winsett also raises two other arguments for the first time on appeal. First, Ms. Winsett argues that "the Secretary has obstructed justice by reporting to the Court [t]hat no decision has been made by the Board on that date [January 31, 2008]. This has violated Due [P]rocess rights of the Appellant to her first amendment right under our Constitution to redress."  Appellant's Nov. 13, 2008 Mem. 1.  Secondly, Ms. Winsett alleges that the CAVC erred by accepting documents under Rule 46 without determining whether a proper notice of appearance had been filed.  However, Ms. Winsett failed to raise these issues in her answer to the Secretary's motion to dismiss, her motion for reconsideration, or her motion for reconsideration by the full CAVC.  It is well-settled law that appellants may not raise new issues on appeal.  Singleton v. Wulff, 428 U.S. 106, 120 (1976).  Therefore, this court cannot review Ms. Winsett's arguments because she did not raise these issues at any time during the proceedings below.

CAVC's dismissal of Ms. Winsett's case for lack of jurisdiction, this court would be required to find that the Board's decision was final. In Fisher v. Gober, this court held that a determination by the CAVC, that the Board had not entered a final decision, requires an application of the law to the facts of a case. 251 F.3d 167 (Fed. Cir. 2000). Under 38 U.S.C. § 7292(d)(2), this court lacks jurisdiction to review the CAVC's application of law to the facts of a case where, as here, the Appellant has not submitted any challenge to a statutory or constitutional issue. See id. ("We are barred by our jurisdictional statute from considering whether error has occurred in the application of unchallenged law to the facts of a case."). Thus, this court is without jurisdiction to consider Ms. Winsett's appeal from the CAVC's dismissal of her case.

Ms. Winsett's brief on appeal also raises allegations unrelated to the CAVC's decision to dismiss her appeal for lack of jurisdiction. Specifically, Ms. Winsett contends that her due process rights were violated due to the Regional Office's failure to notify her of the field examiner's report prior to submitting the report into the record. We note that the CAVC decision, however, did not decide any constitutional issues. Moreover, Ms. Winsett's characterization of a question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack. See Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Therefore, Ms. Winsett's undeveloped constitutional argument is insufficient to provide a basis for this court's jurisdiction.

## CONCLUSION

Because we lack jurisdiction to review Ms. Winsett's appeal, it is dismissed.
No costs.