CLD-364                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2436
_____

BRANDON ROBERTS,
on behalf of St. Clair C. Roberts,
Appellant

v.

UNITED STATES OF AMERICA;
DEPARTMENT OF VETERAN AFFAIRS;
EILEEN KOSTIC, Service Center Manager

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2-15-cv-04705)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 28, 2017
Before:  SHWARTZ, RENDELL, and FISHER, Circuit Judges

(Opinion filed:  October 10, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se plaintiff-appellant Brandon Roberts appeals two post-judgment orders of the District Court. For the reasons that follow, we will dismiss his appeal in part for lack of appellate jurisdiction and summarily affirm to the extent of our jurisdiction. See 3d Cir. LAR 27.4; I.O.P. 10.6.

In August 2015, Roberts filed a complaint on behalf of his father's estate. Dkt. No. 1. He sought to recover funds from the U.S. Department of Veterans Affairs ("VA") for his father's burial expenses. Id. Throughout the course of this litigation, Roberts has been an inmate confined in a state correctional facility in Maryland.

The District Court dismissed Roberts' complaint in October 2015 because he could not represent his father's estate as a pro se litigant. Dkt. Nos. 7, 8. Nearly a year later, in September 2016, Roberts filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Dkt. No. 9. The District Court denied this motion on April 6, 2017, reasoning that it did not have subject matter jurisdiction over Roberts' claims because federal district courts are precluded from reviewing "VA decisions affecting the provision of veterans' benefits" and explaining that those benefits determinations can only be reviewed by the United States Court of Appeals for Veterans Claims. Dkt. No. 12.

Several weeks later, Roberts filed a motion to transfer his case to the Court of Appeals for Veterans Claims. Dkt. No. 13. The District Court denied his motion on June 19. Dkt. No. 14. It repeated its reasoning from the April 6 order and stated that it was "unable to transfer the case" to the Court of Appeals for Veterans Claims but provided Roberts with the court's address. Id. Roberts asserts that he then submitted his notice of

2

appeal to prison officials on June 23; it was filed on June 29.[1] Dkt. No. 16. He appears to challenge the District Court's post-judgment denials of his motions for relief under Rule 60(b) and to transfer the case.[2] Id.

We will dismiss this appeal in part for lack of appellate jurisdiction and summarily affirm to the extent of our jurisdiction. First, we address Roberts' appeal to the extent that it challenges the District Court's denial of his 60(b) motion. "[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." Bowles v. Russell, 551 U.S. 205, 209 (2007) (internal quotation marks and citation omitted). The District Court denied Roberts' 60(b) motion by order entered on April 6, 2017. See Dkt. No. 12. Roberts had 60 days to appeal that decision under Federal Rule of Appellate Procedure 4(a)(1)(B) and 28 U.S.C. § 2107(b). Roberts' notice of appeal, filed on June 23, 2017, see Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a notice of appeal submitted by a prisoner may be deemed "filed at the time [the] petitioner delivered it to the prison authorities for forwarding to the court clerk"), is untimely with

---

[1] Roberts included a "Certificate of Service" with his notice of appeal, stating that he handed his notice of appeal to prison officials for mailing with prepaid postage on June 23, 2017. See Dkt. No. 16.

[2] Roberts' notice of appeal states that he seeks to appeal "a Judgment Entered . . . on June 19, 2017, in Conjunction with a Dismissal Entered on Apr[il] 27, 2017, Without Prejudice in Favor of the Named Defendants." Dkt. No. 16. Roberts filed his motion to transfer on April 27, 2017; the District Court did not enter any order on that date. See Dkt. No. 13. However, we will assume that Roberts refers to the previous entry on the docket, the District Court's April 6, 2017 order dismissing his claims without prejudice. Because a "pro se document is to be liberally construed," we will address both the District Court's April 6 and June 19 orders in our analysis. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

regard to the April 6 order because it was filed after the 60-day deadline expired. We therefore lack jurisdiction to review the District Court's April 6, 2017 order denying Roberts' 60(b) motion.

Roberts' notice of appeal was timely filed with respect to the District Court's June 19 order denying his motion to transfer. We have jurisdiction to review the District Court's decision under 28 U.S.C. § 1291 because it is a final post judgment order. Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) ("[M]ost post judgment orders are final decisions within the ambit of 28 U.S.C. § 1291 as long as the district court has completely disposed of the matter.") (quoting Sportmart, Inc. v. Wolverine World Wide, Inc., 601 F.2d 313, 316 (7th Cir. 1979)). We review a District Court's ruling on a motion to transfer for abuse of discretion. See Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) ("[D]istrict courts have a good deal of discretion in deciding whether to transfer a case.").

Ordinarily, if a court lacks jurisdiction to review a case, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed."[3] 28 U.S.C. § 1631. Here, Roberts seeks a transfer to the Court of Appeals for Veterans Claims.

---

[3] In this chapter, "courts" are defined as "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." 28 U.S.C. § 610.

The District Court denied Roberts' motion to transfer the case to the Court of Appeals for Veterans Claims because it held that it did not have subject matter jurisdiction over Roberts' challenge to a veterans' benefits determination by the VA.  See Dkt. Nos. 12, 14.  Appeals of veterans' benefits determinations follow a specific statutory process.  Once the VA makes a benefits determination, claimants are entitled to a review of that decision by the Board of Veterans' Appeals.  38 U.S.C. § 7104(a).  A decision of the Board may be appealed to the Court of Appeals for Veterans Claims.  Id. §§ 7252(a), 7266(a).  From there, claimants may appeal to the Court of Appeals for the Federal Circuit and, finally, the United States Supreme Court.  Id. § 7292.  Federal district courts and courts of appeal other than the Court of Appeals for the Federal Circuit are precluded from reviewing veterans' benefits determinations made by the VA.  Id. §§ 511, 7292.

Roberts alleges that the VA denied his claim for his father's burial expenses in August 2013 but he has not alleged that he appealed that decision to the Board of Veterans' Appeals.  See Dkt. No. 1 at ECF p. 6.  Thus, even if the District Court could otherwise transfer Roberts' case to the Court of Appeals for Veterans Claims, it would be premature to do so before Roberts has exhausted his administrative remedies.[4]  See Matter of Quigley, 1 Vet. App. 1, 1-2 (Vet. App. 1989) (holding that a petitioner's appeal to the Court of Veterans Appeals was premature where "he had failed to exhaust the administrative remedies available to him, including seeking review by the Board of

---

[4]  We note, moreover, that a decision by the VA must be appealed to the Board of Veterans' Appeals within a year.  See 38 U.S.C. § 7105(b)(1).  Roberts filed his complaint nearly two years after the VA's alleged decision.

5

Veterans' Appeals").

Such a transfer would not be in the interest of justice. The District Court therefore did not abuse its discretion in denying Roberts' motion to transfer and we will summarily affirm the District Court's June 19 order.