NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMEEL IBRAHIM,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2242

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-962, Judge Coral Wong Pietsch.

---

Decided: December 9, 2019

---

JAMEEL IBRAHIM, Newark, NJ, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, EVAN SCOTT GRANT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge*, NEWMAN and MOORE,
*Circuit Judges.*

PER CURIAM.

Mr. Jameel Ibrahim appeals an order from the Court of Appeals for Veterans Claims ("Veterans Court") dismissing his appeal for lack of jurisdiction. *Ibrahim v. Wilkie*, No. 19-0962, 2019 WL 2376427 (C.A.V.C. June 6, 2019). Because we lack jurisdiction, we dismiss.

On January 31, 2019, a Regional Office of the Department of Veterans Affairs ("Regional Office") issued a rating decision in Mr. Ibrahim's case. On February 8, 2019, the Veterans Court received a Notice of Appeal from Mr. Ibrahim stating that he was appealing a February 8, 2019 decision from the Board of Veterans Appeals ("Board").

The Veterans Court dismissed Mr. Ibrahim's appeal for lack of jurisdiction. *Ibrahim*, 2019 WL 2376427, at *1. The Veterans Court explained that Mr. Ibrahim had not obtained a final Board decision on February 8, 2019. *Id.* In addition, to the extent Mr. Ibrahim was attempting to appeal the January 31, 2019 decision by the Regional Office, the Veterans Court appears to have concluded that it lacked jurisdiction to review that decision because the decision was not a final decision of the Board. *Id.* Indeed, there is nothing in the record indicating that Mr. Ibrahim has ever received a final decision from the Board. Mr. Ibrahim appealed to this court.

We conclude that we lack jurisdiction. Under 38 U.S.C. § 7292, except to the extent that an appeal presents a constitutional issue, we may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); *see also Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) ("[W]hile we can review questions of law, we cannot review applications of law to fact."). In

order to reverse the Veterans Court's dismissal of Mr. Ibrahim's case for lack of jurisdiction, this court would have to determine that the Board issued a final decision. Because making such a determination would require applying the law to the facts of the case, we do not have jurisdiction to do so. *See, e.g.*, *Winsett v. Peake*, 302 F. App'x 915, 916 (Fed. Cir. 2008); *Fisher v. Gober*, 251 F.3d 167, 167 (Fed. Cir. 2000) (unpublished table decision).

To the extent Mr. Ibrahim contends that the Veterans Court improperly weighed the evidence in denying service connection, this argument is not properly before the court. The Veterans Court did not address the merits of Mr. Ibrahim's service connection claims but rather dismissed his case for lack of jurisdiction. Moreover, even if the Veterans Court did reach a conclusion as to service connection, we would lack jurisdiction to review the Veterans Court's weighing of the evidence in reaching that conclusion. 38 U.S.C. § 7292(d)(2); *see also Conway*, 353 F.3d at 1372.[1]

CONCLUSION

Because we lack jurisdiction to review Mr. Ibrahim's appeal, it is dismissed.[2]

**DISMISSED**

---

[1] Mr. Ibrahim also filed a letter on November 6, 2019 alleging that we have delayed in reaching a decision in this case. This appeal was docketed on August 7, 2019. We received Mr. Ibrahim's letter less than three months later. There is no basis for granting relief for delay.

[2] Notwithstanding our disposition of this appeal, Mr. Ibrahim might still have the ability to timely avail himself of the proper means to seek review of the January 31, 2019 Regional Office decision. *See* 38 U.S.C. § 7105(b)(1).

COSTS

The parties shall bear their own costs.