# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 22-3933

JUSTIN D. GRAY, PETITIONER,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before MEREDITH, FALVEY, and LAURER, *Judges*.

# O R D E R

On June 30, 2022, the petitioner, Justin D. Gray, through counsel filed a petition for extraordinary relief in the form of a writ of mandamus compelling the Board of Veterans' Appeals (Board) to decide his appeal within 45 days from the Court's order. Petition at 1-13. The Court referred this matter to a panel to address the petitioner's allegations that the Board had unreasonably delayed adjudication of his December 2018 Substantive Appeal, including that the Board, contrary to 38 U.S.C. § 7107(a)(1) (2012 & Supp. III 2016), had been adjudicating appeals out of docket order. The Court held oral argument on November 9, 2022.

During the course of these proceedings, the Secretary acknowledged that the Board had been distributing a limited number of certain classes of cases out of docket order—specifically, legacy appeals in which a hearing had been held, appeals with an amended docket number, Specialty Case Team (SCT)[1] appeals, and One Touch[2] appeals. *See* Secretary's Nov. 1, 2022, Resp. at 3-5. However, the Secretary submitted a declaration from Deputy Vice Chairman of the Board, Christopher A. Santoro, who indicated that, in September and October 2022, the Board implemented changes to simplify how it distributes cases to Board members and to prevent the above-mentioned classes of appeals from being decided before appeals with older docket numbers. *See id.*, Santoro Decl. at 4-5.[3] The Secretary maintained that the factors for assessing claims of

---

[1] SCT appeals "involve[] complex or rarely seen issues worked by subject matter experts." Secretary's Nov. 1, 2022, Response (Resp.); Declaration (Decl.) of Christopher A. Santoro at 4; *see* Exhibit K at 21-22.

[2] The Board initiated the One Touch program in the spring of 2018 to "'expedite the processing of legacy hearing cases with clear dispositions.'" Secretary's Nov. 1, 2022, Resp. at 4 (quoting 2018 BD. OF VETERANS' APPEALS, U.S. DEP'T OF VETERANS AFFS. ANN. REP. 17, https://www.bva.va.gov/docs/Chairmans_Annual_Rpts/ BVA2018AR.pdf). Under this program, "'when a [Board member] holds a hearing on a case that is within the Board's current working docket range and the outcome of the appeal is immediately clear, the [Board member] can activate the case for adjudication.'" *Id.* (quoting ANN. REP. 17).

[3] Mr. Santoro also stated that "[i]n September 2022, the 'Appeals Metrics' page on the Board's website noted a 'Current Legacy Docket Date' of 'Up to Sept[.] 2019.'" Santoro Decl. at 2 (quoting Exhibit J). He explained that the current legacy docket date "is the median docket date for non-hearing legacy appeals awaiting distribution to a [Board member] for adjudication," and did "not mean that all legacy appeals with docket dates through September 2019 [were] eligible for distribution based on docket order." *Id.* Rather, based on the Board's Annual Report for Fiscal Year 2021, there were about 60,000 non-hearing legacy appeals pending at the Board as of September 30, 2021, and in

unreasonable delay weighed against issuing a writ, particularly because an order compelling the Board to issue a decision in 45 days would prioritize the petitioner's appeal over similarly situated veterans, ignore the competing interests of cases with higher priority, and amount to line jumping. Secretary's Aug. 12, 2022, Resp. at 13-14.

On March 1, 2023, the Secretary filed notice pursuant to the Court's holding in *Solze v. Shinseki*, 26 Vet.App. 299, 301 (2013) (per curiam order), which requires all parties to a case "to notify the Court of developments that could deprive the Court of jurisdiction or otherwise affect its decision." The Secretary reported that, on the same day, the Board had issued a decision remanding the petitioner's appeal to the agency of original jurisdiction for readjudication, and the Secretary included a copy of the Board's remand. Secretary's *Solze* Notice at 1, Exhibit A.

This Court has adopted the case-or-controversy jurisdictional requirements imposed by Article III of the U.S. Constitution. *Aronson v. Brown*, 7 Vet.App. 153, 155 (1994). When all relief sought by a petition for extraordinary relief has been afforded, the petition is moot. *See Chandler v. Brown*, 10 Vet.App. 175, 177 (1997) (per curiam order); *Thomas v. Brown*, 9 Vet.App. 269, 270-71 (1996) (per curiam order). Because the relief sought by the petitioner has been granted, the petition for extraordinary relief in the form of a writ of mandamus is moot. Accordingly, it is

ORDERED that the petitioner's June 30, 2022, petition for extraordinary relief in the form of a writ of mandamus is DISMISSED.

DATED: March 24, 2023                                                                                  PER CURIAM.

---

terms of the median docket date, there were about 30,000 appeals that had docket dates before September 2019 and 30,000 appeals with docket dates after September 2019. *Id.* at 2-3. But Mr. Santoro explained that "[t]he Board's 'Appeals Metrics' page [had] recently [been] retitled 'Decision wait times,' and was updated to provide [claimants] . . . with more clarity and transparency as to the factors that impact appeals processing time at the Board." *Id.* at 3; *see Decision Wait Times*, BD. OF VETERANS' APPEALS, https://www.bva.va.gov/bva/decision-wait-times.asp (last updated Mar. 10, 2023).