# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-970

LARRY D. RUFFIN , APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued December 5, 2001                    Decided  March 11, 2002  )

*James W. Stanley, Jr.*, of North Little Rock, Arkansas, for the appellant.

*Ann G. Gawalt*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Acting Assistant General Counsel; and *Carolyn F. Washington*, Deputy Assistant General Counsel, were on the pleadings, all of Washington, D.C., for the appellee.

Before KRAMER, *Chief Judge*, and HOLDAWAY and IVERS, *Judges*.

IVERS, *Judge*, filed the opinion of the Court.  KRAMER, *Chief Judge*, filed a concurring opinion.

IVERS, *Judge*:  The veteran has appealed only one part of a February 10, 2000, decision of the Board of Veterans' Appeals (BVA or Board), and only that part of the Board's decision is addressed herein.  The veteran framed the issue on appeal as whether the Board incorrectly determined that his 1969 claim for service connection for a back disability was no longer an open claim.  The unique factual and procedural circumstances of this case call for an opinion of the Court. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990).

At oral argument, the Court, hearing no objection from counsel for the veteran, deemed as filed the Secretary's motions for leave to file a supplement to the record on appeal and a supplemental brief, and the attendant documents.  The motions for leave to file have thereby been granted, and the supplemental record on appeal and the Secretary's supplemental brief are filed.

## I. FACTS

Upon his discharge from active service in the U.S. Army, the veteran filed a claim for VA benefits with respect to, among other conditions, stiffness in his back. Record (R.) at 12, 15. A July 30, 1969, VA regional office (RO) decision regarding his claim found that his back stiffness was in the region of his lumbar spine, was developmental, and was not a disability under the law. R. at 15-16. The veteran did not appeal the RO decision.

In 1982, the veteran sought to reopen his claim regarding his lower back. R. at 18-19, 22. In a decision dated September 24, 1982, the RO found that "[s]ervice connection ha[d] previously been denied for developmental anomalies, lumbar spine." R. at 24. The RO notified the veteran of the decision regarding his lower-back claim in one sentence of an October 12, 1982, letter: "Service connection has previously been denied for developmental anomalies, lumbar spine." R. at 28. The veteran did not appeal this RO decision.

In a letter to the RO, dated April 17, 1998, the veteran, through counsel, asserted that he had never been notified of the 1969 denial of his lower back claim, and requested a formal decision on that claim. R. at 55. The RO responded, in a May 18, 1998, letter, stating as follows:

> A thorough review of our records does not indicate that proper notification was forwarded to Mr. Ruffin at the time a decision was made on this claim in 1969. However, in [a VA] letter dated October 8, 1982, Mr Ruffin was notified that his claim for a spinal disorder had previously been denied. Based on this information, the notification forwarded in 1982 finalized this issue and the appeal rights have expired.

R. at 57. The RO noted that the October 8, 1982, VA letter listed "developmental anomalies" among conditions for which service connection had not been established. R. at 26. Presumably, the RO considered the veteran's developmental anomalies in his lumbar spine as one of these "developmental anomalies."

On May 27, 1998, the veteran filed a Notice of Disagreement concerning the disposition communicated in the May 18, 1998, RO letter. R. at 59. In the February 10, 2000, decision on appeal, the Board concluded that the RO had denied service connection for a back disability in 1969, and that the September 1982 RO decision confirmed and continued the July 1969 denial. R. at 3.

In response to the veteran's contention that he was not *notified* of the 1969 denial, the Board concluded: "By means of a September 1982 rating action, service connection for a lumbar spine disability was denied. The veteran was notified of this continued denial of service connection and furnished with a copy of his procedural and appellate rights in October 1982." R. at 4.

## II. ANALYSIS

In 1969, the regulation addressing VA's duty to notify claimants of RO decisions read as follows:

> [T]he claimant will be notified of any decision authorizing the payment of benefit or disallowance of a claim. Notice will include the reason for the decision, the claimant's right to initiate an appeal by filing a notice of disagreement and the time limits within which such notice may be filed.

38 C.F.R. § 3.103 (1969). In addressing the veteran's contention that he was not notified of the 1969 RO denial of his lower-back claim, the Board, at the very least, failed to comply with the regulatory requirement that a reason be provided for the 1969 denial. *See* R. at 3-4.

The attempt to have the October 8, 1982, denial letter construed as a denial of the 1969 lower-back claim is likewise insufficient. *See* R. at 26. The October 12, 1982, RO letter, stating that "[s]ervice connection ha[d] previously been denied for developmental anomalies, lumbar spine," cannot stand as a denial of the 1969 claim in compliance with the governing regulation, 38 C.F.R. § 3.103. *See* R. at 28. For these reasons, the Court holds that the Board did not provide adequate reasons or bases to support its decision that the veteran was notified of the 1969 denial of service connection, in compliance with the governing regulation. *See* 38 U.S.C. § 7104(d).

During the oral argument for this appeal, it became abundantly clear that whether the veteran was properly notified of the denial of his 1969 lower-back claim is an unresolved factual matter. This Court is precluded from making findings of fact in the first instance. *See Sanchez-Benitez v. Principi*, 259 F.3d 1356, 1363 (Fed. Cir. 2001); *Hensley v. West*, 212 F.3d 1255, 1264 (Fed. Cir. 2000). For that reason, the Court will leave open the question that initiated this action, first raised in the veteran's April 1998 letter to the RO.

Also during the oral argument, counsel for the veteran averred that the primary purpose of

the appeal is to preserve the 1969 claim date, on the chance that the veteran might receive a grant of service connection for his lower-back condition through some later claim. This argument is, of course, premature. The Court, taking due account of the rule of prejudicial error, 38 U.S.C. § 7261(b), takes no action that is not required to dispose properly of the present appeal.

### III. CONCLUSION

Based on the record, as supplemented, and the pleadings filed for this appeal, and consistent with this opinion, the February 10, 2000, BVA decision is VACATED as to the issue of whether the veteran's 1969 claim for service connection for a back disability remains an open claim, and that matter is REMANDED for further adjudication.

KRAMER, *Chief Judge*, concurring in the result: I concur in the vacatur of the February 10, 2000, Board of Veterans' Appeals (Board or BVA) decision with respect to the issue of the finality of the July 1969 VA regional office (RO) denial of the appellant's claim for service connection for a back condition and in the remand of that matter. I write separately to explicate the issues that I believe, at a minimum, the Board, on remand, should address in providing an adequate statement of reasons or bases for any decision that it renders. Initially, I note that the appellant acknowledged at oral argument that his primary purpose in bringing this appeal was premised upon the supposition that at some time in the future he might eventually be awarded service connection for his back condition and that he was attempting to preserve a 1969 effective date for any such award and that on appeal the appellant is not arguing that: the Court now should award him service connection for his back condition; there was sufficient evidence of record for the Board to have awarded him service connection for that condition; or he has evidence to submit in support of his original claim for service connection for that condition. These circumstances raise a question as to whether there exists any current case or controversy for this Court to consider. *See Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992) (per curiam order); *Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990). Nevertheless, because the appellant acknowledged at oral argument that, in seeking to secure such a prospective grant of service connection, an additional purpose in bringing this appeal was to avoid having to provide the quantum of proof necessary for a reopened claim, I believe that there does indeed exist

4

a current case or controversy. *See* 38 U.S.C. § 5108 (Reopening disallowed claims); 38 C.F.R. § 3.156(a) (2001) (New and material evidence); *Hodge v. West*, 155 F.3d 1356, 1362-64 (Fed. Cir. 1998) (defining proper regulatory standard of new and material evidence).

Thus, as reflected in the record on appeal (ROA), the parties' pleadings, and the parties' statements at oral argument, the question becomes whether the RO should now send to the appellant notice of the July 1969 denial of his claim for service connection for his back condition. In this regard, I note that, because the appellant requested, in April 1998, that the RO send to him notice of its 1969 denial of his claim (Record (R.) at 55), because the RO decided, in May 1998, that the appellant was not entitled to such notice (R. at 57), and because the appellant filed a Notice of Disagreement (NOD) as to that RO determination (R. at 59), the issue of notice was reasonably raised to the Board, and thus the Board was required to address it. *See* 38 U.S.C. §§ 7104(a) (Board decisions shall be based on entire record and upon consideration of all evidence and material of record and applicable provisions of law and regulation), 7105 (Filing of NOD and appeal). In addressing this issue in the February 2000 Board decision on appeal, the Board, relying upon an October 12, 1982, letter from the RO to the appellant in which the RO stated that the appellant's claim for service connection "ha[d] previously been denied for developmental anomalies," found that the appellant was provided notice, in that October 1982 letter, of the RO's July 1969 denial of his claim for service connection for his back condition. R. at 4, 28. The Board thus concluded that, because the appellant failed to file an NOD within one year of that October 1982 notification letter, the RO's 1982 denial, and in essence its July 1969 denial, of the appellant's claim became final. R. at 4-5.

I believe, however, that the Board's February 2000 decision is inadequate in that the BVA failed to address, inter alia, the adequacy, under the applicable regulations, of any notice that may have been provided to the appellant in 1982. In this regard, the Board failed to address whether the October 1982 letter upon which it relied complied with the applicable regulations extant in 1969 and 1982, which appear to require that notice of the RO's denial contain a reason for such denial. *See* 38 C.F.R. § 3.103 (1969); 38 C.F.R. § 3.103(e) (1982). If the Board cannot conclude that the October 1982 letter does contain such a reason, the BVA then should address the presumption of regularity.

5

With respect to the presumption of regularity, the Board first should address whether it should be presumed that, as reflected in an August 1969 disability award worksheet that was discussed in a July 1998 Statement of the Case and that was submitted to the Court by the Secretary as a supplemental ROA, the appellant, in 1969, was notified of the July 1969 RO decision. R. at 71; Supplemental R. at 1-2; *see Davis v. Brown*, 7 Vet.App. 298, 300 (1994) (there exists presumption that appellant was notified of BVA decision and that presumption can be overcome only by "'clear evidence to the contrary'" (quoting *Ashley v. Derwinski*, 2 Vet.App. 307, 308-09 (1992)). If the Board determines that such a presumption exists, the BVA next should consider whether the May 1998 letter from the RO to the appellant, in which the RO stated that "[a] thorough review of our records does not indicate that proper notification [of the RO's denial of his claim] was forwarded to [the appellant in 1969]," rebuts that presumption. R. at 57; *see Schoolman v. West*, 12 Vet.App. 307, 310 (1999) (Board is finder of fact for determining whether presumption of regularity has been rebutted). If such rebuttal has occurred, the Board finally should consider whether the Secretary has carried his burden to show that the appellant was notified of the 1969 RO denial of his claim. *See Woods v. Gober*, 14 Vet.App. 214, 220 (2000); *Davis* and *Ashley*, both *supra*.