**John H. BOND, Appellant,**

**v.**

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–1266.**

United States Court of Veterans Appeals.

Submitted April 8, 1992.

Decided April 28, 1992.

As Amended Aug. 31, 1992.

Ronald L. Smith, Washington, D.C., was on the pleadings for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel and David W. Engel, Sp. Asst. Gen. Counsel, Washington, D.C., were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and FARLEY and MANKIN, Associate Judges.

PER CURIAM: ·

The parties to this appeal have jointly moved for an order approving disposition of this appeal in accordance with their Stipulated Agreement. The Secretary of Veterans Affairs (Secretary) and the appellant jointly represent that they "have resolved, to their mutual satisfaction, the issue raised by this appeal ... and that this agreement disposes of the entire appeal." Joint Motion at 1.

■ This Court's jurisdiction is confined to the review of final Board of. Veterans' Appeals (BVA) decisions which are adverse to a claimant. 38 U.S.C. §§ 7252(a); 7266(a) (formerly §§ 4052(a); 4066(a)). The BVA is a component of the Department of Veterans Affairs (Department), *see* 38 U.S.C. § 301(c)(5), which is "under the administrative control and supervision of a chairman directly responsible to the Secretary." 38 U.S.C. § 7101(a) (formerly § 4001(a)). The Secretary "is the head of the Department", 38 U.S.C. § 303, and is represented before this Court by the General Counsel of the Department. 38 U.S.C. § 7263(a) (formerly § 4063(a)).

■ When the General Counsel, "the chief legal officer of the Department", 38 U.S.C. § 311, on behalf of the Secretary enters into a settlement or a Stipulated Agreement with an appellant, like the one filed in this appeal, it necessarily follows that the decision of the BVA giving rise to the appeal, to the extent that the decision was adverse to the claimant, is overridden. Such action effectively moots the case or controversy. In *Mokal v. Derwinski,* 1 Vet.App. 12, 15 (1990), we adopted "as a matter of policy the jurisdictional restrictions of the Article III case or controversy rubric." When there is no case or controversy, or when a once live case or controversy becomes moot, the Court lacks jurisdiction.

Therefore, the Clerk shall enter the case dismissed pursuant to Rule 42 of this Court's Rules of Practice and Procedure.

*It is so Ordered.*