**Alfred HINES, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–2169.**

United States Court of Veterans Appeals.

Dec. 30, 1994.

David D. Lennon, Raleigh, NC, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Michael A. Leonard, Washington, DC, were on the pleadings, for appellee.

Before KRAMER, FARLEY, and STEINBERG, Judges.

STEINBERG, Judge:

The Secretary has filed a motion for entry of judgment in the amount of $6,000 in the matter of appellant Alfred Hines' application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). For the reasons that follow, the Court will dismiss the motion in part and order the appellant to show cause why the Court should not dismiss his EAJA application pursuant to Rule 42 of the Court's Rules of Practice and Procedure (Court Rules).

## I. Background

The appellant, veteran Alfred Hines, appealed to this Court from an adverse August 7, 1991, Board of Veterans' Appeals (BVA or Board) decision. On June 28, 1993, the Court issued a single-judge memorandum decision vacating the Board decision and remanding the matter. Judgment was entered on July 22, 1993, pursuant to Rule 36(b) of the Court Rules, with retention of jurisdiction for the limited purpose of filing an application for attorney fees and expenses under the EAJA. Judgment was again entered on March 24, 1994, consistent with the Court's decision in *Stillwell v. Brown*, 6 Vet.App. 291 (1994), *appeal docketed*, No. 94–7090 (Fed. Cir. June 20, 1994), and Miscellaneous Order 2–94. The mandate was entered on May 25, 1994.

On June 16, 1994, the appellant filed an EAJA application. In a September 14, 1994, supplement to the EAJA application, he requested a total EAJA award of $10,623.88 for fees and expenses. On October 13, 1994, after several stays of proceedings were granted by the Court, the Secretary filed a Motion for Entry of Judgment (Motion), requesting that "judgment be entered in the amount of [$6,000]" in regard to appellant's EAJA application, "pursuant to" Rules 27

and 42 of the Court Rules and "consistent with" Rule 68 of the Federal Rules of Civil Procedure (FRCP). Documents entitled "Appellee's Offer of Judgment" (Offer) and "Acceptance of Offer of Judgment" (Acceptance) were appended to the Motion.

## II. Analysis

The Secretary urges that "judgment be entered" "pursuant to" Rules 27 and 42 of the Court Rules, and "consistent with" FRCP 68. Under Court Rule 27 ("Motions"), an application for relief ordinarily must be made by motion. Court Rule 42 ("Voluntary Dismissal") states in pertinent part: "If the parties sign and file with the Clerk an agreement that the proceeding be dismissed, the Clerk shall enter the case dismissed." Under FRCP 68, the defendant (the offeror) makes an offer of settlement to the plaintiff (the offeree). If the offeree accepts the offer, one of the parties can then petition the court to enter judgment for the amount agreed upon in the offer. If the offeree rejects the offer or does not respond to the offer, then the offer can be admitted as evidence in a subsequent court proceeding to determine "costs". If the offeree obtains a court judgment that exceeds the original offer, then the FRCP 68 offer has no effect. If such judgment is less than the amount of the offer, however, the court generally orders the offeree to pay the offeror's "costs" incurred after the offeror made the offer. *See* Fed.R.Civ.P. 68; *see generally Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985); *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). This Court's Rules have no analog to FRCP 68.

In the instant case, the Offer states that if the appellant accepts the Offer within 10 days after service thereof, the Secretary will file the Offer with the Court, with proof of service, and move the Court to "enter judgment" consistent with the terms of the Offer. The terms of the Offer are that the appellant will receive an EAJA judgment of $6,000, to include all "costs, expenses[,] and attorney fees incurred by appellant" in the appeal. The Offer further states that if the appellant declines to accept the Offer, either in writing or by allowing the Offer to lapse, the Secre-

tary will attempt to present the Offer as evidence in the EAJA application proceedings before the Court; if the appellant receives a judgment of $6,000 or less in those further proceedings, the Secretary will move the Court to compel the appellant to pay to the Secretary "such costs" as he incurred in defending against the application after the Offer was made. A certificate of service attached to the Offer states that the Offer was mailed to the appellant on September 30, 1994. The Acceptance bears a signature of counsel for the appellant, and is dated October 5, 1994. The Acceptance states that the appellant, by and through his attorney, both accepts the "offer of judgment" in the amount of $6,000, as well as "agrees and stipulates to the dismissal" of his EAJA claim "upon full payment of the $6,000 offer" to his attorney.

■ The Motion and its appended Offer and Acceptance are ambiguous as to whether the Court is being urged to dismiss this case under Court Rule 42 or to enter judgment consistent with FRCP 68. As to FRCP 68, the Secretary apparently argues in the alternative that the Court should enter judgment in this case consistent with FRCP 68. As noted above, FRCP 68 has not been adopted by this Court; nor does this Court have a Rule that provides for entry of judgment upon motion of the parties without the Court adjudicating the claim. For that reason, at this point the Court could not grant the Secretary's Motion "consistent with" FRCP 68. If the Secretary wishes the Court to adopt a Rule analogous to FRCP 68, the proper procedure is to make such a proposal to the Court through its Rules Advisory Committee, on which a representative of the Secretary serves.

■ The Secretary is also apparently arguing that the Offer and Acceptance, taken together, fulfill the requirements of Court Rule 42. When the parties before the Court have reached a settlement, Court Rule 42 requires dismissal of the claim because a case or controversy no longer exists. *See Dofflemyer v. Brown*, 4 Vet.App. 339, 339 (1993) (per curiam order) (Court Rule 42 dismissal ordered where parties filed joint motion for approval of agreement to settle appellant's EAJA claim); *Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992) (per curiam order) (Court Rule 42 dismissal ordered where parties filed joint motion for disposition of appeal in accordance with stipulated agreement). In this case, the appellant appears to have agreed to entry of judgment in the amount of $6,000, but also appears to have agreed to dismissal of his EAJA application. However, these actions are not compatible. If the Court were to dismiss this claim under Court Rule 42, as the Secretary seems to urge in the alternative, there could be no entry of judgment for $6,000. It is thus unclear whether the appellant intended to file "an agreement that the proceeding be dismissed" within the meaning of Court Rule 42.

### III. Conclusion

The Court dismisses, as not contemplated by Court Rules, the Secretary's Motion insofar as it petitions for entry of judgment consistent with FRCP 68. The Court construes the remainder of the Motion to be a motion under Court Rule 42 for dismissal of the appellant's EAJA application under *Dofflemyer* and *Bond*, both *supra*. However, because the Court is in doubt as to the appellant's intentions regarding such dismissal, the appellant is ordered to show cause, within 20 days after the date of this opinion, why the Court should not dismiss his EAJA application under Court Rule 42; any such Court Rule 42 dismissal would not constitute a judgment to enforce the terms contained in the Offer.

MOTION DISMISSED IN PART; APPELLANT ORDERED TO SHOW CAUSE.