60 F.3d 843
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 William L. STEFFENS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7025.
 United States Court of Appeals, Federal Circuit.
 July 7, 1995.
 
 Before RICH, PLAGER, and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 William L. Steffens appeals from the February 2, 1995, denial by the United States Court of Veterans Appeals (CVA) of his motion for reconsideration of the CVA's Order dated December 16, 1994, denying his December 1, 1994, petition for relief. We reverse and remand for further proceedings consistent with the CVA's holding and decision in Erspamer v. Derwinski, 1 Vet.App. 3 (1990).
 
 
 2
 * The CVA denied Steffens's petition for relief for two reasons. First, the CVA characterized his petition as a prayer for class action proceedings and class relief. Citing its professed lack of jurisdiction over such proceedings and Harrison v. Derwinski, 1 Vet.App. 438 (1991), the CVA held that Steffens's could not obtain such relief pursuant to a class action prayer. Second, the CVA stated that Steffens's petition failed to allege that he has any claim pending in the system over which the CVA might later be able to assert appellate jurisdiction. Absent such a claim, the CVA considered itself powerless to assert its Erspamer authority to determine if the merits of Steffens's petition qualify for relief under the All Writs Act, 28 U.S.C. Sec. 1651(a) (1988), as applied to the CVA.
 
 II
 
 3
 The CVA erred in denying Steffens's petition on the ground that he sought to invoke class action jurisdiction to obtain class relief. Steffens's petition does no such thing, as his briefs to this court amply demonstrate. He seeks relief in his case; if he is correct on his view of the law--a matter as to which we indicate no view whatsoever--presumably others similarly situated may benefit equally from a ruling in his favor. That, of course, does not convert an individual prayer for relief into a class action pleading.
 
 
 4
 As for the CVA's second ground, we are somewhat puzzled since the text of its December 16 Order recognizes that Steffens indeed has a claim pending before the Board of Veterans Appeals (BVA), in which he challenges the decision of a regional office denying his claimed benefits.
 
 
 5
 Under the CVA's holding and decision in Erspamer, the existence of such a claim pending before the BVA triggers the duty of the CVA to examine Steffens's petition on its merits under the All Writs Act. Steffens's assertion that he has had a claim pending before the BVA since December of 1993 is unchallenged by the government, and we assume that the reference in the December 16 Order to a BVA filing by Steffens in December 1933 is a typographical error.
 
 
 6
 Whether Steffens's petition to the CVA is meritorious is not for us to say. We must, however, order the CVA to treat his petition with due respect under Erspamer. The CVA's denial of Steffens's petition for relief is reversed, and the case is remanded for prompt attention from the CVA.