William L. STEFFENS, Petitioner,

v.

Jesse BROWN, Secretary of Veterans Affairs, Respondent.

No. 94–1072.

United States Court of Veterans Appeals.

Aug. 16, 1995.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

**ORDER**

PER CURIAM.

The Court's December 16, 1994, order denying this petition for extraordinary relief in the nature of prohibition was reversed on appeal by the United States Court of Appeals for the Federal Circuit (hereafter Federal Circuit) and the matter remanded. *Steffens v. Brown,* No. 95–7025, 1995 WL 399789 (Fed.Cir. July 7, 1995). In its decision, the Federal Circuit directed the Court to address the petition on the merits based on the Court's jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a), and *Erspamer v. Derwinski,* 1 Vet.App. 3 (1990). *Steffens,* No. 95–7024, slip op. at 2–3 (non-precedential Federal Circuit opinion cited here as law of the case).

■  Pursuant to the All Writs Act and as held in *Erspamer,* the Court as a court "established by Act of Congress" (28 U.S.C. § 1651) has authority to grant extraordinary relief in aid of its potential jurisdiction. The petitioner alleges that he has had a case pending before the Board of Veterans' Appeals (BVA) since December 1993 (the petition gave the date as "8 December 1933," Petition at 1; however, the petitioner's December 21, 1994, motion for reconsideration quotes the "8 December 1933" date from the petition and adds "(sic 1993)", *see* Petitioner's Motion for Reconsideration at 1). It appears uncontroverted that the petitioner had an appeal pending before the BVA when he filed his petition for extraordinary relief in the nature of prohibition. *See* Secretary's Response to Petition, Declaration of Robert L. Ashworth. The petitioner argues, in essence, that his appeal was forwarded to the BVA in December 1993, but was inexplicably not docketed until late November 1994, and that this delay in docketing has inexcusably delayed his appeal. He seeks an explanation for the delay in docketing and direction from the Court to advance his appeal.

To determine whether it has potential jurisdiction of this matter, the Court issued an order on July 18, 1995, directing the Secretary to provide information concerning the filing date of the Notice of Disagreement (NOD) that placed the petitioner's claims in

appellate status within VA, and to inform the Court concerning the status of the appeal. The Secretary responded to the Court's order with a copy of the NOD filed by the petitioner on March 9, 1993. *See* Secretary's Status Report. The Secretary further informs the Court that the petitioner's appeal was received by the BVA on January 31, 1994, and docketed on November 23, 1994. *See* Secretary's Status Report, Declaration of Robert L. Ashworth. However, according to the Secretary, the docket number was assigned upon receipt in January 1994, and the time at which the Board will address the petitioner's appeal is governed by the docket number. *Id.* The Secretary asserts that the BVA is presently considering appeals docketed in September and October 1993, and he estimates that the petitioner's appeal will be addressed by the BVA in two to three months. *Id.* The petitioner has filed a response to the Secretary's Status Report, and the Court has considered the response.

■ The Court concludes that it has "prospective or potential jurisdiction" of an appeal by this petitioner, *see Erspamer*, 1 Vet.App. at 8. Accordingly it has jurisdiction of this petition under the All Writs Act. In order to show entitlement to the writ, the petitioner must satisfy a two-part test. First, he must demonstrate a clear and indisputable right to the writ. Second, he must show that he lacks an adequate alternative means to obtain the relief sought. *Id.* at 9 (citing *Kerr v. United States District Court,*

426 U.S. 394, 402, 96 S.Ct. 2119, 2123–24, 48 L.Ed.2d 725 (1976)).

■ In this matter, the petitioner's allegations do not evidence a clear and indisputable right to the writ. The petitioner's place in the queue of appeals awaiting the Board's action appears to reflect the BVA's January 1994 receipt date, rather than the November 1994 date on his notice of docketing. The delay involved, although frustrating to the petitioner, must be unreasonable before the Court will inject itself into the administrative agency's adjudicative process. *See Erspamer*, 1 Vet.App. at 9–10 (*quoting Air Line Pilots Ass'n, Int'l v. CAB*, 750 F.2d 81, 85 (D.C.Cir.1984)). Here, the circumstances are not so extraordinary as to justify the Court's exercise of its all writs power. The Court further finds that exhaustion of the petitioner's administrative remedies may secure the relief he ultimately seeks, and, if not, he has the remedy of timely appeal as of right.

Upon consideration of the foregoing and of the petitioner's statement of supplemental authorities, it is

ORDERED that the petition for extraordinary relief is DENIED.