ORDER
PER CURIAM:
This matter is before the Court on the parties’ joint motion (received on Septem *552 ber 19 and filed on December 9, 2002) for remand of the case. Motion (Mot.) at 2-3, 6.
The underlying facts of this case are set forth in the Court’s prior decision in this case, Gallegos v. Gober, 14 Vet.App. 50, 51-52 (2000), rev’d, 283 F.3d 1309, 1315 (Fed.Cir.2002), and we will not reiterate them here. In its August 11, 2000, opinion, the Court reversed a December 9, 1998, Board of Veterans’ Appeals (Board or BVA) decision that had denied an earlier effective date for an award of Department of Veterans Affairs (VA) service connection for the appellant’s post-traumatic stress disorder (PTSD) (Record (R.) at 9). Gallegos, 14 Vet.App. at 58. The Board had ruled that the appellant had not filed a timely Notice of Disagreement (NOD) as to a September 1994 decision of a VA regional office (RO) that had denied such service connection (R. at 222-24), thereby rendering that VARO decision final. Gallegos, 14 Vet.App. at 52. The Court ruled that an October 1994 letter (R. at 228) to the RO from the appellant’s representative, the Disabled American Veterans (DAV), was an NOD and, in effect, based on the record before the Court, that the 1994 RO decision was thus still open. Gallegos, 14 Vet.App. at 53, 58. As the basis for its ruling, the Court held that a VA regulation, 38 C.F.R. § 20.201 (2000), was invalid because it conflicted with the applicable statute, 38 U.S.C. § 7105(b)(1), (b)(2), and (d), “insofar as § 20.201 may be interpreted as adding a requirement of an expression of a desire for BVA review”. Gallegos, 14 Vet.App. at 57; see Mot. at 1 (so characterizing our holding).
On March 15, 2002, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) reversed our decision and remanded the matter to our Court. As described in the pending joint motion:
The Federal Circuit held that this Court had “erred when it invalidated § 20.201 with regard to the requirement that an NOD contain ‘terms that can be reasonably construed as ... a desire for appellate review,’ ” and remanded the matter for the Court to determine the question “whether Mr. Gallegos’s 1994 DAV letter constitutes a valid NOD under § 20.201.” Gallegos, 283 F.3d at 1315.
Mot. at 2. Following the Federal Circuit’s decision, the Court ordered, on July 12, 2002, supplemental briefing on the issue whether the 1994 DAV letter constituted a valid NOD under § 20.201. The appellant filed a supplemental response on August 5, 2002, but, before the Secretary filed his response, the parties filed their joint motion urging the Court to vacate the December 1998 Board decision in order “to allow the Board to readjudicate [the appellant’s claim and provide an adequate statement of reasons or bases ... [as to] whether the October 1994 DAV letter should have been construed as a claim to reopen or a new claim for service connection for PTSD.” Mot. at 2-4. In light of the parties’ agreement in their joint motion that, because a remand is required based on an inadequate BVA statement of reasons or bases, “it is premature to address the Court’s question regarding whether the 1994 DAV letter is an NOD under § 20.201”, Mot. at 2, the Court will interpose no objection to the remand jointly proposed. See Massey v. Brown, 9 Vet.App. 134, 136 (1996) (per curiam order) (noting that Court will not address moot issue); see also Mokal v. Derwinski, 1 Vet.App. 12, 15 (1990) (dismissing portion of petition seeking mandamus relief because controversy surrounding petition was moot).
Accordingly, the Court will grant the parties’ joint motion and vacate the *553 December 1998 Board decision and remand the matter for expeditious further development and issuance of a readjudicated decision supported by an adequate statement of reasons or bases, see 38 U.S.C. §§ 1110, 7104(a), (d)(1); 38 U.S.C. §§ 5103(a), 5103A, 5106, 5107; 38 C.F.R. §§ 3.156, 3.159 (2002); Fletcher v. Derwinski, 1 Vet.App. 394, 397 (1991), all consistent with this order and in accordance with section 302 of the Veterans’ Benefits Improvements Act of 1994, Pub.L. No. 103-446, § 302, 108 Stat. 4645, 4658 (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for “expeditious treatment” for claims remanded by BVA or the Court) [hereinafter VBIA § 302]; see Vargas-Gonzalez v. Principi, 15 Vet.App. 222, 230 (2001) (holding that VBIA § 302 applies.to all elements of a claim remanded by Court or Board), and with all applicable law and regulation. See Allday v. Brown, 7 Vet.App. 517, 533-34 (1995). On remand, the appellant will be free to submit additional evidence and argument on the remanded claim in accordance with Kutscherousky v. West, 12 Vet.App. 369, 372-73 (1999) (per curiam order) (concluding that an appellant is entitled, until 90 days after Board mails postremand notice to appellant, to submit additional evidence and argument or to request hearing on appeal, at which appellant may submit new evidence), and all applicable law and regulation. A remand by this Court or by the Board confers on an appellant the right to VA compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms. See Stegall v. West, 11 Vet.App. 268, 271 (1998). A final decision by the Board following this remand will constitute a new decision that, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the Board’s new final decision is mailed to the appellant. See Marsh v. West, 11 Vet.App. 468, 472 (1998).
On consideration of the foregoing, it is
ORDERED that the December 9, 2002, joint motion, which is incorporated by reference into this order, is granted, and the December 1998 Board decision is VACATED and the matter REMANDED for re-adjudication consistent with the provisions of this order and that joint motion.