This version includes the errata dated March 22, 2004 -e

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 01-2095

MARK W. BREEDEN, APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

**O R D E R**

Before KRAMER, *Chief Judge*, and FARLEY and IVERS, *Judges*.

On December 14, 2001, the veteran filed a Notice of Appeal (NOA) as to an August 27, 2001, Board of Veterans' Appeals (Board or BVA) remand of his claim for service connection for post-traumatic stress disorder (PTSD). The Secretary moves to dismiss the appeal for lack of jurisdiction on the ground that the August 2001 Board remand is not a final decision as to any matter. We will grant the motion and dismiss for lack of jurisdiction.

I.

The veteran served on active duty from December 1968 to March 1970, including service in Vietnam. On July 5, 2000, the Board issued a decision that, inter alia, denied the veteran entitlement to service connection for PTSD. *Mark W. Breeden*, BVA 93-05991 (July 5, 2000). In its decision, the Board found that the veteran had not engaged in combat for purposes of applying the reduced evidentiary burden afforded by 38 U.S.C. § 1154(b) (allowing veterans who engaged in combat to establish service connection through "satisfactory lay or other evidence"), and that his diagnosis of PTSD had been based on unverified stressors. *Id.* at 3, 10-15. The veteran appealed the July 2000 Board decision, and on January 4, 2001, the parties filed a joint motion for remand. The joint motion called for the veteran to be reexamined by a VA psychiatrist and for any evidence of in-service stressors to be made available to the examiner. The motion also stated that the Board was required to reconsider whether the veteran had engaged in combat.

On January 16, 2001, the Court, by order of the Clerk of the Court, granted the parties' motion, vacated in part the July 2000 Board decision, and remanded the appellant's claim for service connection for PTSD. *Breeden v. Gober,* U.S. Vet. App. No. 00-1700 (Jan. 16, 2001). On August 27, 2001, the Board remanded the case to a VA regional office (RO). *Mark W. Breeden*, BVA 93-05991 (Aug. 27, 2001). In its remand, the Board first noted that a remand was required to comply with the notice and duty to assist provisions of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096. *See Breeden*, BVA 93-05991, at 4. The Board then instructed that on remand the veteran should be examined by a VA psychiatrist to determine whether he suffers from PTSD. *Id.* at 5. The Board also provided a limited list of stressors to be considered as the basis

for a diagnosis of PTSD. *Id.* The remand instructions did not address the issue of whether the veteran had engaged in combat. *See id.*

Although it does not bear upon the issue presently before the Court, in the interest of completeness, we note that, on November 12, 2003, the appellant informed the Court that while this appeal has been pending the RO continued to develop the appellant's PTSD claim and issued a decision. On August 11, 2003, the Board again remanded the claim after determining that the RO had failed to provide a psychiatric examination that complied with the August 2001 remand instructions.

## II.

On December 14, 2001, the appellant filed an NOA, seeking review of "those portions of the [Board] decision dated August 27, 2001, which denied the veteran's PTSD claim except insofar as PTSD is related only to specific stressors deemed verified by the Board, denied that the veteran participated in combat, and denied the veteran's claim that other stressors were or could be verified." On January 17, 2002, the Secretary filed a motion to dismiss and to stay proceedings arguing that under 38 U.S.C. §§ 7252(a) and 7266(a) this Court's jurisdiction is limited to review of final decisions of the Board and that Board remands in general, and this remand in particular, are not final decisions. Secretary's Motion to Dismiss and to Stay Proceedings (Mot. to Dismiss) at 3-5. On March 6, 2002, the appellant filed a response asserting that the Board's August 2001 remand constituted a final decision with respect to the issues of combat status and stressors and that those aspects of the remand are final and appealable. Appellant's Response (Resp.) to Mot. to Dismiss at 3-4, 7-8. In the alternative, the appellant argued that the Court should interpret 38 U.S.C. §§ 7252(a) and 7266(a) "to permit it to exercise jurisdiction over [non-final] BVA decisions that alter the evidentiary burdens, that limit the evidence an RO can consider in support of a claim[,] or that contain a misrepresentation of the law." Appellant's Resp. to Mot. to Dismiss at 4-7.

On July 9, 2002, the Court ordered that the parties file supplemental responses addressing the decision of the United States Court of Appeals for the Federal Circuit (Federal Circuit) in *Williams v. Principi,* 275 F.3d 1361 (Fed. Cir. 2002). In *Williams*, the Federal Circuit adopted an exception to the requirement of finality with respect to its jurisdiction to review decisions of this Court. In his supplemental response, the Secretary contends that the exception adopted by the Federal Circuit in *Williams* is not applicable to appeals to this Court. Secretary's Resp. to Appellant's Resp. to Mot. to Dismiss at 5-7. In the alternative, the Secretary claims that "the facts of this case do not support an exercise of jurisdiction under *Williams*." *Id.* at 7. In his supplemental response, the appellant maintains that the challenged aspects of the Board's remand are final and, in the alternative, that the Court should voluntarily adopt the *Williams* exception and exercise jurisdiction over this appeal based on that exception. *See* Appellant's Supplemental (Supp.) Resp. to Mot. to Dismiss at 3-9. The appellant also argues that the Court has jurisdiction to address the Board's August 2001 remand pursuant to its authority to compel compliance with the January 2001 remand order issued by the Clerk of the Court. *See id.* at 5.

Oral argument was heard on November 17, 2003.

III.

This Court's jurisdiction derives exclusively from statutory grants and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988). Our jurisdiction is limited to appeals from final decisions of the Board. Section 7252 of title 38 of the U.S. Code, which is entitled "Jurisdiction; finality of decisions," specifically provides that "[t]he Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the [Board]. The Secretary may not seek review of any such decision. The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate." *See also* 38 U.S.C. § 7266(a)(1) ("In order to obtain review by the Court of Appeals for Veterans Claims of a *final decision* of the [Board], a person adversely affected by such decision shall file [an NOA] with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title.") (emphasis added); *Disabled Am. Veterans v. Sec'y of Veterans Affairs (DAV v. Sec'y)*, 327 F.3d 1339, 1349 (Fed. Cir. 2003); *Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000); *Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992) (per curiam order).

In *Maggitt v. West,* the Federal Circuit held that "[a] 'decision' of the Board, for purposes of the Veterans Court's jurisdiction under section 7252, is the decision with respect to the benefit sought by the veteran: those benefits are either granted . . . , or they are denied." 202 F.3d 1376 (Fed. Cir. 2000). Because the Board's remand here does not make a final determination with respect to the benefits sought by the veteran, i.e., service connection for PTSD, the Board's remand does not represent a final decision over which this Court has jurisdiction. *See* 38 U.S.C §§ 7252(a), 7266; *DAV v. Sec'y* and *Howard*, both *supra*. Although not dispositive, the fact that there apparently has been yet another remand by the Board serves to emphasize the nonfinal nature of the August 2001 remand.

The appellant argues that the Board's remand was a final decision with respect to his combat status and exposure to stressors. Contrary to the appellant's assertions, however, the Board's remand did not finally determine either of those issues much less finally rule upon the benefits sought by the veteran. Upon further development by the RO, the Board still could conclude that the appellant did engage in combat and/or that there are other verified stressors upon which to base a diagnosis of PTSD. In fact, with respect to combat status, the Board's remand did not even address the issue. Moreover, even assuming that the Board did make a final determination with respect to combat status or stressors, neither of those "decisions" could be said to have granted or denied the benefits sought. Regardless of the Board's conclusions on those issues, the RO or the Board still may grant the appellant's claim for service connection for PTSD. Any determination on those issues is, therefore, not a decision of the Board for purposes of our acquiring jurisdiction under section 7252. *See Maggitt*, *supra*.

The appellant also argues in the alternative that we should elect to exercise jurisdiction over his appeal under an exception to the requirement of finality. In *Williams*, *supra*, the Federal Circuit adopted an exception to the rule of finality with respect to its jurisdiction over decisions of this Court pursuant to 38 U.S.C. § 7292(a) which does not expressly limit its jurisdiction to the review of final decisions. However, as the Federal Circuit has held, this Court's jurisdiction is limited to final

decisions of the Board. *See DAV v. Sec'y* and *Howard*, both *supra*. Thus, we are not at liberty to accept the appellant's invitation.

In addition to his arguments concerning the finality of portions of the Board remand, the appellant asserts that the Court retains jurisdiction to consider violations of its remand orders and that the Board's failure to comply with the terms of the parties' joint motion for remand violated the January 16, 2001, Court order, issued by the Clerk of the Court. *See* Appellant's Supp. Resp. to Mot. to Dismiss at 5 (citing *Perry v. West*, 11 Vet.App. 319, 332 (1998)). The appellant's argument fails because the Clerk's order did not purport to retain jurisdiction and "the Court does not have the power to retain general and continuing jurisdiction over a decision remanded to the BVA for a new adjudication." *Cleary v. Brown*, 8 Vet.App. 305, 307 (1995). Nor did the Clerk's order incorporate the parties' joint motion into the Court's order. That order states, in pertinent part:

> ORDERED that the motion is granted and that part of the BVA's decision that denied service connection for [PTSD] is vacated. The matter is remanded pursuant to 38 U.S.C. § 7252(a). Under Rule 41(b) of the Court's Rules of Practice and Procedure, this order is the mandate of the Court.

*Breeden v. Gober,* U.S. Vet. App. No. 00-1700 (Jan. 16, 2001). There is nothing in the Clerk's order indicating an intent to incorporate the joint motion. Indeed, when the Court has intended to incorporate the terms of a joint motion for remand into an order, it has done so expressly. *See, e.g., Gallegos v. Principi,* 16 Vet.App. 551, 553 (2003) (per curiam order) ("ORDERED that the December 9, 2002, joint motion, which is incorporated by reference into this order, is granted."). Nor does the Clerk's order purport to make any factual findings or legal conclusions. Rather, as we specifically pointed out in *Bond, supra,* a joint motion premised upon an agreement by the parties "effectively moots the case or controversy" before the Court. 2 Vet.App. at 377. In such a circumstance, the Court does not evaluate and adjudicate the arguments or positions of the parties prior to disposition on the merits, but merely dismisses the appeal. *See Hines v. Brown*, 7 Vet.App. 309, 311 (1994); *Bond*, 2 Vet.App. at 377. Because the Clerk's order was administrative rather than adjudicatory and did not incorporate the parties' joint motion, the Board's August 2001 remand instructions do not contravene any aspect of the Clerk's order and there is no violation for the Court to address. *Cf. Stegall v. West*, 11 Vet.App. 268, 271 (1998) (holding that claimants have an enforceable right to compliance with specific remand instructions when such are issued by the Board or Court.)

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion to dismiss is granted and the appeal is DISMISSED for lack of jurisdiction. It is further

ORDERED that the Secretary's motion to stay proceedings is denied as moot.

DATED:      March 15, 2004                                        PER CURIAM.

4

KRAMER, *Chief Judge*, concurring: I concur in the dismissal for lack of jurisdiction of the instant appeal but write separately to express my view that, under the present posture of this matter, the appellant could not obtain relief even if the Court were to construe his pleadings as a petition for writ of mandamus. *See Cox v.West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998) (Court has authority to issue extraordinary writs in aid of its jurisdiction pursuant to All Writs Act (AWA), 28 U.S.C. § 1651(a)). Although the Court might entertain such a petition in an appropriate case, it does not appear that this appellant has satisfied both prongs necessary for the issuance of a writ of mandamus. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976) ("The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."); *Erspamer v. Derwinski*, 1 Vet.App. 3, 9 (1990) (before court may issue writ, petitioner must demonstrate (1) clear and indisputable right to writ and (2) lack of adequate alternative means to obtain relief sought); *see also Herrmann v. Brown*, 8 Vet.App. 60, 62 (1995) (applying *Kerr* "two-prong test"). First, there does not appear to be a clear and indisputable right to a writ with regard to any issues that the appellant may have with the August 2001 remand by the Board of Veterans' Appeals (Board) because any such issues appear to have been rendered moot by the Board's August 2003 remand for readjudication. Further, it does not appear that administrative remedies were exhausted because there is no evidence that the appellant sought redress from the Board as to its August 2001 remand prior to filing a Notice of Appeal with the Court. *See Steffens v. Brown*, 8 Vet.App. 142, 144 (1995) (per curiam order) (Court will not exercise its AWA power where exhaustion of petitioner's administrative remedies may secure relief sought).