KASOLD, Judge,
dissenting in part:
I respectfully dissent from the Court’s grant of the parties’ joint motion to vacate a decision by the Board of Veterans’ Appeals (Board) that the appellant was not entitled to a certificate of eligibility for financial assistance in acquiring specially adapted housing or home adaptations and to remand that matter. The parties seek remand with vacatur because of developments that have taken place after the Board decision had already been rendered; remand is not sought because of any Board error. This reason is not a proper basis for exercising the authority and power of the Court to vacate a final Board decision. See 38 U.S.C. §§ 7252(a), 7261(a); see also Akers v. Principi, 17 Vet.App. 561, 565-68 (2004) (Kasold, J., dissenting) (noting the limited situations in which this Court has the authority to vacate a Board decision).
I note that there are several appropriate options. First, the parties could have entered into a stipulated agreement to reopen the claim and moved for dismissal of the pending appeal. See Breeden v. Principi, 17 Vet.App. 475, 479 (2004) (“[J]oint motion premised upon an agreement by the parties ‘effectively moots the case or controversy’ before the Court.”) (quoting Bond v. Derwinski, 2 Vet.App. 376, 377 (1992)); U.S. Vet.App. R. 42 (voluntary termination or dismissal); see also Fortuck v. Principi, 17 Vet.App. 173, 178 (2003) (“The Secretary must reopen a previously and finally disallowed claim when ‘new and material evidence’ is presented or secured.”); Aronson v. Brown, 7 Vet.App. 153, 155 (1994) (where issue becomes moot, Court is divested of jurisdiction to consider it); Cerullo v. Derwinski, 1 Vet.App. 195, 201 (1991) (Secretary may not take action on a matter pending on appeal to this Court). Second, the parties could have ascertained whether the Board was agreeable to reconsidering its decision and, if so, requested the Court to relinquish its jurisdiction. See Cerullo, supra. Third, the parties *505 could have moved the Court to remand the matter, without vacatur, for readjudication and issuance of a new decision. See 38 U.S.C. § 7252(a) (granting this Court authority “to remand the matter, as appropriate”); see also Ohland v. Derwinski, 1 Vet.App. 147, 150 (1991) (remanding without vacatur); Sammarco v. Derwinski 1 Vet.App. 111, 114 (1991) (same). There are likely other appropriate options, but vitiating a perfectly proper Board decision is not, I believe, one of them.
For the foregoing reasons, I respectfully dissent.