﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 190108-4001
DATE: November 27, 2019

ORDER

The claim for an earlier effective date of February 6, 2014 for service connection for post traumatic stress disorder (PTSD) is dismissed.

FINDINGS OF FACT

1. The Veteran requests an earlier effective date of February 6, 2014, for service connection for PTSD.

2. In implementing a May 2019 Board decision granting service connection for PTSD, the Regional Office (RO) granted the Veteran service connection for PTSD in a May 2019 decision, effective October 27, 2016. In the same decision, the RO granted an earlier effective date of June 20, 2013, for other specified stressor and trauma related disorder with depression with PTSD.

CONCLUSION OF LAW

There being no justiciable case or controversy, the Veteran’s claim of entitlement to an earlier effective date of February 6, 2014, for PTSD is dismissed as moot. 38 U.S.C. §§ 7104, 7105; 38 C.F.R. § 20.101.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from June 1967 to October 1970.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal of a May 2019 rating decision by the Department of Veteran’s Affairs (VA) RO.

In October 2019, the Veteran selected the Direct Review when he timely appealed this decision to the Board by requesting the AMA Direct Review lane for a reevaluation of the evidence considered by the Agency of Original Jurisdiction (AOJ). As this is a Direct Review appeal under the AMA, the record closed on the date of the Veteran’s Opt-In which was October 3, 2019.

The Veteran is requesting an earlier effective date of February 6, 2014 for PTSD.

It is a well-established judicial precedent that when there is no case or controversy, or when a once live case or controversy becomes moot, the Court lacks jurisdiction. See Bond v. Derwinski, 2 Vet. App. 376, 377 (1992).

In a May 2019 Board decision the Veteran was granted service connection for PTSD. The RO implemented this decision in a May 2019 rating decision granting service connection for PTSD effective October 27, 2016. In the same decision, the RO evaluated the Veteran’s PTSD disability with depression with his other specified stressors and trauma related disorder and granted an earlier effective date of June 20, 2013, for the combined disability.

The RO noted that it evaluated the Veteran’s PTSD claim with his other specified stressors and trauma related disorder with depression and granted a 50 percent combined evaluation for the disabilities.

The Veteran is contending that he is entitled to an earlier effective date of February 6, 2014 for his PTSD. 

In reviewing the May 2019 rating decision and rating code sheet, it shows the RO combined the other specified stressor and trauma related disorder with depression with PTSD and evaluated them at 50 percent from an earlier effective date of June 20, 2013. 

This is a grant of an earlier effective date for both PTSD with depression and the other specified stressor and trauma related disorder. As the June 20, 2013, effective date is earlier than the requested effective date of February 6, 2014, greater relief than that requested has already been granted and no case or controversy regarding this issue remains. Accordingly, the appeal is dismissed. 

 

 

M. H. HAWLEY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Johnson, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.