# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 25-3797

LAWRENCE L. JONES, APPELLANT,

AND

No. 25-4538

DEVERON HAWKINS, APPELLANT,

V.

DOUGLAS A. COLLINS,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before BARTLEY, TOTH, and LAURER, *Judges.*

## O R D E R

This consolidated appeal concerns individual letters the Board of Veterans' Appeals (Board) sent to veterans Lawrence L. Jones and Deveron Hawkins, advising each of them that their Notices of Disagreement (NODs) were not submitted within one year of the rating decisions they each sought to appeal and inviting them to respond if they wanted the Board to issue timeliness decisions. Mr. Jones and Mr. Hawkins didn't respond to the Board's letters. Instead, they appealed those letters to the Court, and the Secretary sought to dismiss the appeals, arguing that the Court lacks subject matter jurisdiction to review the Board's letters because they are not final Board decisions.

Generally, Board letters are not adjudicatory determinations that constitute final decisions that grant or deny a benefit. *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000); *Dojaquez v. McDonough*, 35 Vet.App. 423, 429-32 (2022). Accordingly, Board letters are generally beyond the Court's review authority, which is limited by statute to timely appeals from final Board decisions taken by claimants adversely affected by those decisions. 38 U.S.C. §§ 7252, 7266(a); *In re Quigley*, 1 Vet.App. 1 (1990). Absent a final Board decision, the Court lacks jurisdiction to consider an appeal. *Breeden v. Principi*, 17 Vet.App. 475, 477 (2004) (per curiam order).

There are exceptions to the general principle that Board letters are not "decisions" that may be appealed to the Court. *See Cardoza v. McDonough*, 37 Vet.App. 407, 411 (2024) (concluding that a Board letter in that case was a final decision for establishing the Court's jurisdiction). The question in these appeals is whether the letters the Board issued to Mr. Jones and Mr. Hawkins fall within the parameters of those exceptions such that they were final Board decisions over which the Court has jurisdiction. These appeals were consolidated and referred to a panel of the Court to address that question. And because these letters were not final Board decisions subject to review by this Court, the Court will grant the Secretary's motions to dismiss the appeals.

# I. PROCEDURAL HISTORIES

In March 2020, a VA regional office (RO) issued a rating decision denying a number of Mr. Jones's claims. Secretary's Motion to Dismiss Mr. Jones's Appeal (Jones Motion), Exhibit C; Mr. Jones's Response (Jones Response) at 1. Mr. Jones filed a Notice of Disagreement (NOD) as to one of the claims in March 2025, explaining in accompanying correspondence that he believed his NOD was timely because the notice of the March 2020 decision that he received was inadequate and, therefore, the March 2020 decision never became final. Jones Motion, Exhibit B; Jones Response at 2. He requested that the Board remand his claim to the RO with instruction to provide adequate notice, including his right to a predetermination hearing. Jones Motion, Exhibit B; Jones Response at 2.

On March 20, 2025, the Board notified Mr. Jones in a letter that it received his NOD but could not docket the appeal because the NOD wasn't timely. Jones Motion, Exhibit A; Jones Response at 2-3. The notice advised Mr. Jones that he could request a good cause time extension by submitting the request to the Board in writing by mail or fax. Jones Motion, Exhibit A. The notice also advised Mr. Jones that, if he believed his NOD was timely, he had 60 days to respond by mail or fax and that, if he did so, "a Veterans Law Judge will determine whether [his] appeal was timely." *Id*. If he did not timely respond to the March 2025 notice, he was informed, "the Board will consider this matter closed." *Id*. The notice letter included a contact number and website address for additional assistance. *Id*. The letter was not signed, but the signature block indicated that it was issued by "Inbound Operations Branch," in the "Office of the Clerk of the Board." *Id*. A copy of the March 2025 notice letter was sent to Mr. Jones's non-attorney representative. *Id*.

Mr. Hawkins's appeal followed a similar trajectory. In June 2023, a VA RO issued a rating decision denying several claims. Mr. Hawkins's Response (Hawkins Response) at 1-2, Exhibit A. He filed an NOD as to two of the claims in March 2025, explaining in accompanying correspondence that he believed his NOD was timely because the notice he received as to the June 2023 decision was inadequate and, therefore, the decision never became final. *Id*., Secretary's Motion to Dismiss Mr. Hawkins's Appeal (Hawkins Motion), Exhibit 2; Hawkins Response at 2-3. Like Mr. Jones, Mr. Hawkins requested that the Board remand his claim to the RO with instruction to provide adequate notice, including hearing rights. Hawkins Motion, Exhibit 2; Hawkins Response at 2-3.

On April 8, 2025, the Board notified Mr. Hawkins in a letter that it received his NOD but could not docket the appeal because the NOD wasn't timely. Hawkins Motion, Exhibit 1. As in Mr. Jones's case, Mr. Hawkins was advised that he could, by fax or mail, file a good cause time extension or, if he believed his NOD was timely, respond within 60 days and "a Veterans Law Judge will determine whether [his] appeal was timely"; if he did not timely respond, the Board would consider the matter closed. *Id*. The notice letter included a mailing address and fax number, as well as a phone number and website for obtaining additional assistance. *Id*. The notice letter Mr. Hawkins received differed from the one Mr. Jones received in that Mr. Hawkins's letter did not include a signature block but the line "Signature from common."[1] *Id*. A copy of the April 2025 notice letter was sent to Mr. Hawkins's non-attorney representative. *Id*.

---

[1] The included line appears to be a placeholder that was not correctly updated in the version of the letter sent

On May 12, 2025, 53 days after receiving the Board's March 20, 2025, notice letter, Mr. Jones filed his Notice of Appeal (NOA) with the Court, identifying the March 2025 notice letter as the "decision" he sought to appeal. That same day, and 34 days after receiving the Board's April 8, 2025, notice letter, Mr. Hawkins filed his NOA as to the April 2025 notice letter.

## II. ARGUMENTS

On June 13, 2025, the Secretary filed an opposed motion to dismiss Mr. Jones's appeal, arguing that the Board did not issue an appealable decision on March 20, 2025, but instead notified Mr. Jones by letter that his March 2025 NOD was untimely. Jones Motion at 1-2. As relevant to this appeal, the Secretary argued that Mr. Jones's case could be distinguished from facts underlying this Court's holding in *Cardoza v. McDonough*, 37 Vet.App. 407, 411-14 (2024), because, among other things, the March 2025 Board letter provided an avenue to obtain an appealable Board decision if Mr. Jones disagreed that his NOD was untimely, including that he could respond within 60 days and have the timeliness question considered by a Board member. Jones Motion at 4. Thus, unlike in *Cardoza*, the Board letter provided Mr. Jones with an avenue for recourse, including an appealable decision, if he believed his NOD should have been accepted as timely. *See id*. at 4-5.

The Secretary additionally characterized the Board's March 2025 letter as compliant with the requirement in 38 C.F.R. § 20.104(c) that, when the Board identifies a potential jurisdictional defect, such as an untimely NOD, it must notify the claimant and grant him or her a 60-day period to submit additional argument and evidence. *Id*. at 5. The Secretary further noted that the March 2025 notice letter to Mr. Jones did not include any merits decision as to the benefit sought (service connection for erectile dysfunction) or a statement of appellate rights, both of which are general requirements for final Board decisions. *Id*. at 3 (citing 38 U.S.C. § 7104(d)(2) and *Tyrues v. Shinseki*, 23 Vet.App. 166, 178 (2009)).

Because there was no adjudication on the merits as to the benefit sought, and Mr. Jones was provided the opportunity to disagree with the letter, the Secretary argued that there was no final Board decision as contemplated by 38 U.S.C. § 7252(a) and, consequently, nothing over which the Court can exercise subject matter jurisdiction; therefore, the Secretary argued, the appeal must be dismissed. Jones Motion at 6. The Secretary contemporaneously moved to stay proceedings in Mr. Jones's appeal, which the Court granted.

On July 7, 2025, the Secretary filed an opposed motion to dismiss Mr. Hawkins's appeal, raising substantially the same arguments with respect to the applicability of *Cardoza*; the Secretary did not reassert the § 20.104(c) argument. Hawkins Motion at 1-4. The Secretary contemporaneously moved to stay proceedings in Mr. Hawkins's appeal, which the Court granted.

On August 13, 2025, Mr. Jones opposed the Secretary's motion to dismiss his appeal. First, he clarified that he is not seeking a good cause extension for filing a timely NOD but believes that his March 2025 NOD is timely because the underlying March 2020 rating decision lacked adequate notice and, therefore, wasn't final. Jones Response at 2.

---

to Mr. Hawkins.

3

As regards the Secretary's efforts to distinguish *Cardoza*, Mr. Jones contended that they were unavailing because, as in *Cardoza*, the Board's March 2025 letter was a decision satisfying the requirements of section 7104(d): it (1) was in writing; (2) included a Board finding and conclusion that it wouldn't process the appeal; (3) included a statement (that is, reasons or bases) explaining that the Board wouldn't process the appeal because it was untimely; and (4) effectively denied the issue he sought to appeal. *Id*. at 6-7. Therefore, he contended, under *Cardoza*, the March 2025 letter was a decision by the Board falling within the meaning of section 7104(d) and conferring on this Court jurisdiction to review that decision. *Id*. at 7.

Mr. Jones also argued that, under *Evans v. Shinseki*, 25 Vet.App. 7, 10 (2011), the Court has jurisdiction to review the Board's refusal to take jurisdiction over a matter. Jones Response at 7-8. He asserted that the March 2025 letter represented the Board's decision that it lacked jurisdiction over his NOD because it was untimely, without considering the timeliness argument that he raised in the accompanying correspondence and, therefore, he can appeal the Board's refusal to accept jurisdiction directly to the Court without first requesting "reconsideration" by the Board. *Id*. at 8; *see also id*. at 11-12 (arguing that he was entitled to an appealable decision by the Board that addressed the timeliness argument he raised in the addendum to his NOD and that requesting Board reconsideration isn't mandatory). And he asserted that the Secretary cited no statute authorizing the Board to demand that he respond within 60 days to its request that the Board issue a reconsideration decision as to the NOD timeliness. *Id*. at 4-5. As for the Secretary's reference to § 20.104(c), Mr. Jones asserts that the March 2025 letter doesn't comply with that regulation because the letter doesn't address his right to request a hearing on the jurisdictional question. *Id*. at 4.

On September 4, 2025, Mr. Hawkins opposed the Secretary's motion to dismiss his appeal, raising identical arguments as Mr. Jones. Hawkins Response at 1-12.

## III. ANALYSIS

As noted above, Board letters are not generally final decisions subject to Court review. *See Maggitt*, 202 F.3d at 1376; *Dojaquez*, 35 Vet.App. at 429-32; *Breeden*, 17 Vet.App. at 477. But in *Cardoza*, the Court found that Board action analogous to a grant or denial of benefits may constitute a final Board decision. 37 Vet.App. at 411. Mr. Cardoza received a Board letter advising him that it would not docket his appeal. *Id*. at 409. The Court found that the Board's letter to Mr. Cardoza refusing to docket his NOD satisfied the requirements of a final Board decision because the letter (1) was in writing; (2) contained the Board's finding and conclusion that it could not process the appeal; and (3) contained reasons or bases supporting its decision not to docket the appeal. *Id*. at 412; *see* 38 U.S.C. § 7104(d). The Court also noted that the letter was signed by a Board member. *Cardoza*, 37 Vet.App. at 412. A key reason that the Court in *Cardoza* denied VA's motion to dismiss was that the Board's refusal to docket the appeal had "the same procedural impact as a dismissal of the appeal" and ended the veteran's pursuit of an earlier effective date of benefits. *Id*. at 411.

The Court agrees with the Secretary that the facts in these cases are not analogous to those in *Cardoza*. First, unlike the communication at issue in *Cardoza*, the letters sent to appellants in

4

this consolidated appeal were not signed by a Board member. *Compare Cardoza*, 37 Vet.App. at 412, *with* Jones Motion, Exhibit A, *and* Hawkins Motion, Exhibit 1. They appear to be form letters issued by administrative staff and do not reflect consideration by a Board member. In fact, neither letter identified a specific signatory, and the April 2025 letter included no signature block at all. And unlike in *Cardoza*, the Board letters, sent by an administrative office, advised the appellants that their appeals were not filed within one year of the dates on their respective rating decision letters and that, if they disagreed, they needed to respond in writing within 60 days—at which point the matter would be forwarded to a Board member for an appealable timeliness decision; otherwise, the Board would assume the matter was closed. *See* Jones Motion, Exhibit A, and Hawkins Motion, Exhibit 1. In other words, contrary to appellants' contention, they could have— without the Court's intervention—responded to the March and April 2025 letters and received the relief—an appealable decision—they now seek from this Court.[2]

Ultimately, the Board letters at issue here were in writing and explained that appellants' NODs were perceived to be untimely. But neither unsigned letter contained findings *by a Board member* that the appeals couldn't be docketed, nor did they purport to deny either appeal: instead, the letters invited appellants to respond if they wanted a decision by a Board member on the timeliness issue. Accordingly, unlike in *Cardoza*, the letters appellants received didn't meet the second element because they don't reflect the Board's outright refusal, confirmed with the signature of a Board member, to process their appeals. And, unlike Mr. Cardoza, Mr. Jones and Mr. Hawkins were provided information concerning receiving an appealable Board decision. Thus, the Court cannot conclude that the March and April 2025 letters had the same procedural impact as a dismissal of the appeals and, therefore, holds that the March and April 2025 letters were not governed by the holding in *Cardoza*.

Because the March and April 2025 letters were not final decisions, jurisdictional or otherwise, the Court need not consider further the parties' arguments as to the applicability of § 20.104(c) regarding regulatory requirements for Board decisions as to jurisdiction. Similarly, although the Court understands appellants' frustration that the Board letters were apparently issued without consideration of the preemptive timeliness argument included with their NODs, appellants were expressly invited to request a written decision by a Board member as to the timeliness issue (and, implicitly, review of the accompanying argument). And because appellants were expressly invited to solicit Board review, the Court cannot conclude that the Board refused to take jurisdiction over their appeals such that the Court can review that determination as contemplated in *Evans*. *See* 25 Vet.App. at 10 ([T]he Court exercises de novo review over Board determinations that are critical to its jurisdiction.") And, of course, because the letters at issue were not final decisions, the request that appellants respond doesn't reflect the improper imposition of a mandatory motion for reconsideration before appealing to the Court.

Finally, the Court notes that appellants are not without recourse to pursue their assertions that their respective rating decisions lacked adequate notice and, therefore, were not final. If they are correct concerning the finality of the underlying rating decisions and given our determination that there are no final Board decisions on those matters, they remain free to pursue the matter of finality below with no prejudicial effect. But because no final Board decision regarding Mr. Jones's

---

[2] Both NOAs were filed before the expiration of their respective 60-day response deadlines.

March 2025 NOD issued in March 2025 and no final Board decision regarding Mr. Hawkins's March 2025 NOD issued in April 2025, the Secretary's motions to dismiss both appeals will be granted.

Upon consideration of the foregoing, it is

ORDERED that stays of proceedings entered in dockets 25-3797 and 25-4538 are hereby lifted. It is further

ORDERED that the Secretary's June 13, 2025, motion to dismiss Mr. Jones's appeal and July 7, 2025, motion to dismiss Mr. Hawkins's appeal are GRANTED.

DATED: April 14, 2026                                             PER CURIAM.